## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ERRORS

### OF THE

## STATE OF CONNECTICUT.

---

### HOWARD *vs.* LEE.

Where the grantor described himself in a deed of land as "guardian to" certain minors, and stated his authority thus, " by virtue of license and authority to me granted by the court of probate for the district of E. to sell the real estate of said" minors "situated in said E.," and it was admitted that the probate records were in due form, and that the court of probate had authority to make and did make an order authorizing the sale of the estate which the deed purported to convey; it was held, that such deed was valid.

This was an action of trespass *qu. cl. fr.*, tried before the superior court for New London county, at the term holden in January, 1856.

On the trial, the plaintiff's title to the land upon which the alleged trespasses were committed, was in question and became material. The plaintiff offered in support of and as the sole evidence of his title to said land, a deed, of which the material parts are the following.

"Know all men by these presents, that I, Moses W. Comstock, of the town of Chatham, in the county of Middlesex, guardian to Alonzo C., Cornelia G. and Ellen M. Griswold,

and Augustus G. and Andrew W. Comstock, minors, under the age of twenty-one years, by virtue of license and authority to me granted by the court of probate for the district of East Lyme, to sell the real estate of said Alonzo, Cornelia and Ellen Griswold, and Augustus and Warren Comstock, situated in East Lyme, and consisting of a certain tract of land bounded as follows."

To this evidence the defendant objected, on the ground that upon the face of said deed it did not appear that the court of probate for the district of East Lyme, had granted authority to the guardian named in said deed to. sell and convey the same upon any petition or application to said court, or that said court of probate had at any time granted any order for the sale of the premises named in said deed, and for the further reason that it did not appear from said deed that said court of probate had any jurisdiction in the premises, for that it is not averred in said deed that said minors were resident in said probate district, nor that said land was situate within said probate district, and that it did not appear that said guardian had complied with the statute, as to giving bonds, &c.

The objection was founded solely upon alleged defects in these particulars in the deed itself, and it was admitted that the probate records themselves were in due form, and that the court of probate in fact had jurisdiction to make and did make an order authorizing the sale.

But the court overruled the objections and admitted said deed, as evidence to show the title of the plaintiff to the premises therein described.

The jury rendered a verdict in favor of the plaintiff, and the defendant moved for a new trial, on the ground that the court improperly received said deed in evidence.

*Mc Curdy* and *Willey* in support of the motion.

It is a well-established principle, that where a power is given to a particular person to do a certain act in a particular manner, his authority must appear on the instrument, and if it do not so appear, the act is void. *Watson* v. *Wat-*

*son,* 10 Conn. R., 86.   *Griswold* v. *Bigelow,* 6 Conn. R., 259. *Lockwood* v. *Sturdevant,* 6 Conn. R., 374.   No such authority appeared on the face of the deed in question.

The case of *Watson* v. *Watson* will not be extended, modifying, as it does, the case of *Lockwood* v. *Sturdevant.*

In a guardian's deed, it should at least appear on the face of the deed, that the guardian acted by order of the court of probate, and that order should be so referred to, that it may become a part of the deed.

*Lippitt* and *E. Perkins,* against the motion.

1. The deed is valid and passed the title to the plaintiff. Being executed in the usual form, and with all the formalities required by statute, it accords with the practical construction of the law, and if it is not valid, very many titles in this state are defective.

2. The capacity of the grantor, and his authority to act, are indicated and declared upon the face of the deed, which is all that is necessary.

3. Though the reasons for the authority should appear upon the records of the court of probate, it is not necessary that they should be recited in the deed.   Being referred to generally, it is sufficient that they exist.   *Watson* v. *Watson,* 10 Conn., 77.   The description of authority in this deed is identical in terms with that in *Watson* v. *Watson,* except as to the date.

But it was admitted in this case that the probate records themselves were in due form of law, that the court in fact had jurisdiction to make and did make an order authorizing the sale.

Hence the deed is valid.

HINMAN, J.   The plaintiff claims title to certain lands, under a deed executed by the guardian of certain minors, who were the owners, under authority granted for that purpose by the court of probate for the district of East Lyme, within which district the minors resided, and the lands were situated; and the question in the case is, whether the deed is admissible for the purpose of proving the title.

The defendant claims that the deed is void, because it does not appear upon its face, that the order to sell was granted upon any petition or application for that purpose, or that any such order was in fact granted; and also for the reason that it does not appear from the deed, that the court of probate had jurisdiction to make such an order, it not being alleged in the deed, that the minors were residents of the probate district of East Lyme, or that the land was situate in that district, or that the guardian had given the bonds required on such sale.

It is admitted that, in point of fact, none of these objections are true. The court had jurisdiction; because the minors resided in the district, and the land was there, and there was an application to sell it, which, it is admitted, the probate records show was granted in proper form. The question therefore is, whether the deed is a sufficient execution of the power. It is, so far as relates to this question, in these words, "I, Moses W. Comstock, of the town of Chatham, in the county of Middlesex, guardian to Alonzo C., Cornelia G. and Ellen M. Griswold, and Augustus G. and Andrew W. Comstock, minors, under the age of twenty-one years, by virtue of license and authority to me granted by the court of probate for the district of East Lyme, to sell the real estate of Alonzo, &c., situated in East Lyme, and consisting, &c., (describing it), and for the consideration of thirteen hundred dollars, received to my full satisfaction, the receipt whereof I do hereby acknowledge, of Edwin Howard, of East Lyme, do grant, bargain, sell and confirm unto Edwin Howard the above described estate of the said Alonzo C. &c., minors as aforesaid."

The defendant relies upon the cases of *Lockwood* v. *Sturdevant*, 6 Conn., 373, and *Watson* v. *Watson*, 10 Conn., 77, and the authorities cited in those cases, to support his claims.

The case of *Lockwood* v. *Sturdevant*, it is true, standing alone, would seem to support the defendant's claims, but that case was so materially modified by the case of *Watson* v. *Watson*, as to destroy its effect as a binding authority on a question of this sort. In both these cases the court had to

pass upon the validity of deeds given under the authority of orders of the probate court, and the case of *Watson* v. *Watson*, is so nearly parallel in its circumstances with the case now under consideration, that, we think, it must control it. In that case, the party making the deed described herself as executrix of the last will and testament of the person whose estate she was conveying. Here the grantor describes himself as guardian of the minors whose estate he is conveying; in that case, the deed stated that she sold the land in conformity to an order of the court of probate, dated the 24th of March, 1780; in this deed it is alleged to be made by virtue of license and authority to him granted by the court of probate, for the district of East Lyme, to sell the identical property conveyed by it;—and on referring to the order of probate in the former case, it appeared, as it does in this case, on referring to the record, that the order was legally and properly granted. The only noticeable difference in the two cases is, that in the case of *Watson* v. *Watson*, the date of the order was given in the deed, which is omitted in this case. But we do not think this a material distinction between the cases. If the date of the decree was given, it might enable a party to refer to the record more readily; but that is of no importance on such a question. It was said that the order should be so definitely referred to as to make it a part of the deed. But this would no more be done by giving its date, than by a more general reference. It was not considered to have been done in the case of *Watson* v. *Watson*. If it had been, no question could have been made, because the order itself was regular in every particular, and the deed would, had it included it, have been as definite as could have been required under the case of *Lockwood* v. *Sturdevant*. We think, therefore, that where an executor, administrator, guardian, or other person authorized to sell real estate under a decree or order of a court of probate, states in the deed the character in which he acts, the fact that he is authorized by an order or decree of the probate court which has authority to grant such order, to sell the estate which the deed purports to convey, and where it

appears by the records of the court, or the order itself, which is, generally, a transcript of the records, that the court had jurisdiction of the subject matter, and proceeded regularly in making the decree, it should be held sufficient to transfer the title. For these reasons, the superior court was correct, in receiving the deed in evidence, and a new trial is not advised.

In this opinion the other judges, STORRS and ELLSWORTH, concurred.

New trial not to be granted.