MILTON H. HART, TRUSTEE, *vs.* WILLIAM STONE.

A conveyance by a corporation, signed by the president in the corporate name, need not show the authority of the president to sign the corporate name. His authority, whether shown by the deed or not, is to be proved by evidence *aliunde:*

Hart *v.* Stone.

And such authority is not necessarily to be proved by a formal vote of the corporation.

An assignment in insolvency may be proved in all cases by a certified copy from the court of probate. The original is by statute to be lodged in the court of probate, where it is to remain.

A purchaser of property sold under an order of the court of probate in the settlement of an assigned estate, derives his title from the decree of the court, and is not bound to prove the assignment.

The insolvent act of 1853 provides that all the property of the debtor shall be vested in the trustee and that the trustee may sue in his own name on all choses in action. A chose in action belonging to an assigned estate was sold by order of the court of probate. Held, that the legal title was to be regarded as in the trustee, and that the purchaser might properly bring suit upon it in the name of the trustee.

ASSUMPSIT, to recover the amount of an account originally due from the defendant to the Cornwall Iron Company. The Cornwall Iron Company, a corporation, had made an assignment in insolvency to Hart, the nominal plaintiff, and the account sued upon was one of the assets which came into his hands. This account he afterwards sold at auction, with other assets of the estate, under a regular order of the court of probate, and it was purchased by Samuel Scoville, who afterwards brought the present suit against the debtor in the name of the trustee. The case was tried before the superior court, (*Park, J.,*) which rendered judgment for the plaintiff. The defendant thereupon moved for a new trial. The exceptions taken will be sufficiently understood from the opinion of the court.

*Graves,* in support of the motion.

*Wheaton* and *Hubbard,* contra.

ELLSWORTH, J. One of the objections to this judgment is, the admission of the probate record, which was received to prove title in the plaintiff, it not appearing, it is said, that the president of the Cornwall Iron Company, who executed the deed of assignment and affixed to it the name and seal of the company, was clothed with authority to do the act.

The probate record has not been laid before us, and we are

left to assume that it is in the common form, showing an assignment in the name of the company signed by the president. Whether it embraces real estate we do not know, nor have we occasion to inquire, as nothing but personal property is in controversy between the parties.

Now the assignment itself, so far as the authority of the president is concerned, would not ordinarily, and need not, express any more than we have supposed to be expressed in this. The instrument is in the name of the Cornwall Iron Company, with its corporate name and seal affixed by the president. This is enough, so far as the instrument itself is concerned; the question whether he had authority in fact to do what he did was necessarily one to be inquired into *aliunde*. The fact that he was president did not of itself give him authority, and we must presume that all due inquiry was made on the trial by the court below; indeed the record shows that this was done, and that the judge was satisfied that the authority was proved. He even narrates the evidence, which he need not have done, upon which he found the fact of the authority. He was satisfied, and that is sufficient. The objection goes purely to the sufficiency of evidence, which does not present a question of law for revision by this court. If the claim is that the authority could not be made out without a formal vote of the company to that effect, which from what was said on the argument we are led to infer, then we say that this is not the point raised by the motion as we read it, and if it is, it is a claim which can not be sustained. It is well settled that the acts of its agents may be authorized or ratified by a corporation without a formal vote. *Bulkley* v. *Derby Fishing Co.*, 2 Conn., 252. *Howe* v. *Keeler*, 27 id., 538. Ang. & Ames on Corp., § 240. The authority of a person, other than the grantor himself, to execute and deliver a deed, must of necessity be made out by proof *aliunde*, and a recital of authority in the deed itself does not dispense with this necessity. *Watson* v. *Watson*, 10 Conn., 77, and *Howard* v. *Lee*, 25 Conn., 1.

It was said in the argument that the assignee ought to have introduced the original assignment instead of a certified copy from the court of probate. It is sufficient to say that this ob-

jection was not made in the court below ; but had it been it could not have availed the defendant.

By statute the original is to be lodged with the court of probate and is there to become the basis of future proceedings of public importance, such as the appointment of a trustee to settle the estate, and the taking of a bond, making an inventory, appointing commissioners, ordering sales, and the final settlement of the administration account. This clearly implies that the original assignment is to remain among the files and records of the court, even if the language of the statute in requiring it to be lodged in the court did not imply it. And the decrees of the court founded on the assignment constitute the right and title of all such as rely upon them for legal authority in the trustee to act in the premises. This very debt in question was sold by order of the court, at public auction, to Samuel Scoville, who has brought this suit in the name of the trustee, and if now he is obliged to prove the assignment *de novo*, and take the risk of all the preliminary proceedings, he has a heavy burthen cast upon him, which is never imposed upon a *bona fide* purchaser at a public auction under an order of court, regularly conducted and subsequently approved by the court. This is not only the view generally taken, but agrees with those of this court as expressed in the case of *Clark* v. *Mix*, 15 Conn., 152.

It is claimed that the action should have been brought in the name of the Cornwall Iron Company and not in the name of the trustee. This debt certainly passed by the assignment, both in law and equity, to the assignee, by force of the statute which authorises assignments in insolvency. All the right, title and interest of the Cornwall Iron Company became vested, by the provision of the statute, in the trustee, so that suit could be brought, and perhaps on general principles could only be brought, in the name of the trustee, who is to be regarded as vested with the legal title. He is moreover expressly authorized by the same statute to sue in his own name. The company, it is obvious, have nothing to do with the debt after the assignment ; they have neither the legal nor equitable title, and they can not sue or authorize others to sue in their name. When

the debt is sold, the purchaser we think may properly sue in the name of the trustee as having still the legal title. Possibly he might be regarded in the peculiar circumstances as having acquired the legal title by the purchase and so might be able to sustain a suit in his own name, but this we need not definitely settle. It is sufficient for this case to hold that he need not sue in the name of the Cornwall Iron Company, which is the only claim made upon this point.

We do not advise a new trial.

In this opinion the other judges concurred.