KNEELAND vs. GILMAN and another.

PRACTICE : *withdrawing record on appeal, for amendment.* ESTOPPEL *of municipal corporations.*

1. A record on appeal cannot be withdrawn from the files of this court for amendment, *after* the cause has been submitted.
2. Whether this court would permit the bill of exceptions to be withdrawn for amendment, *after the time for settling the same has expired, quære.*

3. As to matters within the scope of their powers, corporations may be estopped, and agreements made in their behalf may be ratified, by acquiescence and accepting the benefit of them, with knowledge of the facts, although there is no formal expression of assent on their records.

4. Where a suit brought to restrain the collection of a city tax on certain lots, for its alleged illegality, was compromised between the plaintiff therein and the city attorney, comptroller and treasurer, with the knowledge and concurrence of the council, on an agreement that the taxes should be released and the city should be permitted to use the lots for a certain time as a street: *Held*, that these facts constituted as valid a defense against a deed of said lots for said taxes, executed by the city, as if there had been a formal vote of the council authorizing such compromise.

5. Whether the city had the power to compromise such taxes or not (a point not decided), its agreement to discharge them for the consideration named, and its subsequent acceptance of the consideration, will estop it from selling the lots for said taxes and acquiring title as purchaser; and one who claims under the city is bound by the estoppel.

APPEAL from the Circuit Court for *Racine* County. Ejectment. The case is stated in the opinion.

The defendants appealed from a judgment in favor of the plaintiff.

*Stark & McMullen*, for appellants.

*Smith & Salomon*, for respondent.

PAINE, J. When this case was reached in its order on the calendar, it was submitted by both parties, on printed briefs, to be subsequently filed. Afterward, a motion was made by the appellant for leave to withdraw the record, for the purpose of applying to the court below to amend the bill of exceptions by inserting an exception which the affidavits show was in fact taken at the trial, but, by inadvertence, was omitted in the bill.

The motion was opposed on two grounds: first, that it was too late; and next, that such an amendment could not be made in any case after the time for settling the bill of exceptions fixed by the statute had expired, there having been no extension.

We shall not pass upon the latter question, but shall leave it to be determined when it becomes necessary. But we have concluded that the motion must be denied upon the first ground. It would be tolerating too great looseness in practice to sustain motions of this character, after a cause has been submitted to this court for decision. We must require attorneys, where such applications are necessary, to ascertain the fact and make the motion before submitting the cause here.

It becomes necessary, therefore, to decide the case upon its merits, as they are presented in the bill of excep-. tions as it now is. The action was ejectment. The plaintiff claimed title under some tax deeds for the tax of 1850. To avoid that title, the defendants offered to prove that *Gilman*, who was the former owner of the lots, had brought a suit in the United States court to set aside that tax, as well as the taxes for the same year upon a large number of other lots owned by him, for alleged illegalities ; and that that suit was compromised by him with the city attorney, comptroller and treasurer, with the knowledge and concurrence of the common council ; and that he paid upon that compromise, into the treasury, for his taxes of that year, more than two thousand dollars ; but that no money was paid for the taxes on the particular lots involved in this suit, the consideration for the settlement as to them having been an agreement that the city might use them for streets until some further arrangement.

This evidence was offered in various forms, and in such a manner as to entitle the defense to the benefit of it, unless the objection upon which it was excluded by the court below was well taken. That was, that there was no offer to prove any action by the common council upon the subject by its records. And it is claimed that, unless its action assenting to the alleged compromise can be so proved, the city is not bound.

This, I think, is a mistake. The general rule, that the action of corporations is to be proved by their records, is, of course, familiar. But as to matters within the scope of their powers, the doctrine of estoppel, and that agreements made in their behalf may be ratified by acquiescence and accepting the benefit of them, with knowledge of the facts, is as well settled as it is in the case of natural persons. See *Argenti v. San Francisco*, 16 Cal. 255; *Hooker v. The Bank of Rochester*, 30 N. Y. 83; *Howe et al. v. Keeler*, 27 Conn. 538; *Hart v. Stone*, 30 Conn. 94.

From the very nature of the case, a ratification of this kind, or the facts which would constitute an estoppel, might not appear by any formal action of the corporation entered upon its records; and they must, from the necessity of the case, be proved by other evidence.

The principle is applicable here. If the city would have been bound by this compromise, by a formal vote of the council entered of record, then, if the city attorney having charge of the suit, and the other officers whose duty it was to receive the taxes and give the proper receipts, entered into an agreement with the land owner, by which, on the payment of a certain sum and the granting of certain rights to the city, his taxes were to be discharged, which agreement was complied with by him; and if all this was done with the knowledge of the common council, and it took no action to express any dissent, or to prevent its agents from making the agreement, but, on the contrary, allowed the money to be paid into its treasury, and the lots to be used as a street in accordance with it, it is as clearly bound as though it had formally authorized the whole by an express vote.

The respondent's counsel suggest that the city had no power to make such a compromise of taxes. That is a question that may give rise to some difficulties. We shall not attempt to anticipate or settle them here. But,

whatever they may be, we think that if the city agreed, in consideration of the use of these lots for a street, to discharge the taxes for that year, it was estopped as against the owner from selling them for that tax and acquiring the title as a purchaser. And as the plaintiff's title was derived from the city, he is equally bound by the estoppel.

The evidence offered should have been admitted.

*By the Court.* — The judgment is reversed, and a *venire de novo* awarded.

A motion for a rehearing was denied.