DAVID W. PRIME et al., Respondents, *v.* HERMAN KOEHLER, Appellant.

Where the purpose of a promise to pay the debt of a third person is to secure a benefit to the promissor, by relieving his property from a lien, or securing or confirming his possession, the promise is original and not collateral, and so is not within the statute of frauds.

Defendant purchased certain premises subject to a mortgage, the payment of which, however, he did not assume. By the mortgage the principal became due at the option of the mortgagees, in case of thirty days default in paying interest. Default thereafter having been made in the payment of interest, which default had continued for more than thirty days, defendant agreed verbally with plaintiffs, owners of the mortgage, that if they would not exact payment of the principal, or foreclose the mortgage, and would give time for payment, he would, when the next installment of interest became due, pay the interest then in arrear; to which the plaintiffs assented, and took no proceedings to collect during the time specified. In an action upon the agreement, *held*, that defendant's promise was not to answer for the debt of another, within the meaning of the statute of frauds; that defendant, by virtue of his ownership of the land, presumptively had an interest in protecting it from sale on foreclosure; that the consideration of his promise was one running directly to him from the promisees; and that the agreement was therefore entered into for his own benefit, not for the benefit of the original debtor, or in aid of the original contract, and was not within said statute.

(Argued April 7, 1879; decided April 15, 1879.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial, without a jury.

This action was brought to recover the amount of two installments of interest due upon a bond and mortgage executed by Joseph M. Koehler to plaintiff Prime, a half interest wherein was subsequently assigned to plaintiff Ross.

By the terms of the bond and mortgage interest was covenanted to be paid semi-annually, and in case of a default in payment continuing for thirty days the whole principal became due, at the option of the mortgagee. In September, 1875, the mortgagor sold and conveyed the premises to defendant. The conveyance was made subject to the mortgage, but defendant did not assume payment thereof. A semi-annual payment of interest fell due March 1st, 1876. After this had remained unpaid for more than thirty days, defendant verbally proposed to plaintiffs that if they would not exact payment of the principal or foreclose the mortgage, and would give time for the payment of the interest then due, he would, when the next installment of interest became due, pay the interest up to that time. Plaintiffs assented to the proposition, and took no proceedings to enforce the mortgage during the time specified. Defendant failed to pay as so agreed.

*Lewis Sanders,* for appellant. The promise was void under the statute of frauds. (3 R. S. [6th ed.], 142 ; *Doolittle* v. *Naylor,* 2 Bosw., 208, 221, 224–226 ; *Brewster* v. *Silence,* 4, Seld., 207 ; *Hall* v. *Farmer,* 5 Den., 484 ; *Smith* v. *Ives,* 15 Wend., 182 ; *Watson* v. *Randall,* 20 id., 201 ; *Larson* v. *Wywan,* 14 id., 246 ; *Diffy* v. *Wunsch,* 42 N. Y., 244–246 ; *Mallory* v. *Gillet,* 21 id., 413 ; *Prentice* v. *Wilkinson,* 1 Daly, 50.) Direct benefit received after oral promise, by completion of contract, will not take a case out of the statute. (*Brown* v. *Weber,* 38 N. Y., 189, 190 ; *Booth* v. *Eighmie,* 60 id., 241.) A promise to pay the debt of a third person must be in writing, notwithstanding it is made on a sufficient consideration. (*Pease* v. *Alexander,* 7 J. R., 25 ; *Sett* v. *Phillips,* 10 id., 412 ; *Buckmyr* v. *Darnall,* 2 Ld. Raym,, 1085 ; *Watson* v. *Wharam,* 2 T. R., 80 ; *Jackson* v. *Rayner,* 12 J. R., 291 ; *Barber* v. *Fox,* 1 Stark, 270 ; *Fish* v. *Hutchinson,* 2 Wils., 94 ; *Chater* v. *Becket,* 7 T. R., 204 ; *Turner* v. *Hubbell,* 2 Day. Com., 357 ; *Williams* v. *Leper,* 3 Burr, 1886 ; *Payne* v. *Baldwin,* 14 Barb.,

572 ; *Rawson* v. *Springsteen*, 2 T. & C., 416 ; *Knox* v. *Mett*, 1 Daly, 213.)

*F. A. Paddock*, for respondents. The agreement of defendant was not within the statute of frauds. (*Leonard* v. *Vredenburgh*, 8 J. R., 28 ; *Cleveland* v. *Farley*, 9 Cow., 639 ; *Mallory* v. *Gillett*, 21 N. Y., 433 ; *Brown* v. *Weber*, 38 id., 189 ; *Williams* v. *Leper*, 3 Burr, 1886 ; *Walker* v *Taylor*, 6 C. & P., 752.)

ANDREWS, J. The defendant upon the conveyance to him did not assume the payment of the mortgage. The mortgage was a lien upon the land, and his grantor was personally liable upon his bond for the mortgage debt, but the defendant did not become personally bound to pay the mortgage. After the defendant had taken the conveyance default was made in the payment of interest, and this default having continued for more than thirty days, the principal sum by the terms of the mortgage became due at the option of the mortgagees. The defendant thereupon verbally agreed with the mortgagees that if they would not exact payment of the principal, or foreclose the mortgage, and would give time for the payment of the interest then due, he would when the next installment of interest became due, pay the interest then in arrear, together with that which should accrue to that time. The mortgagees assented to this arrangement, and took no proceedings to collect the mortgage debt or interest during the time specified in the agreement. This action is brought upon the defendant's promise to pay the two installments of interest, and the only question is whether the undertaking on the part of the defendant was to answer for the debt, default or miscarriage of another. If it is, not being in writing, it is void by statute. (2 Rev. Stat., 136, § 3.)

It does not admit of doubt that the forbearance of the plaintiff to take proceedings to foreclose the mortgage upon the request of the defendant, was a good consideration for

his promise to pay the interest. (Addison on Contracts, 12; Parsons on Contracts, vol. 1, p. 443.) But if the defendant's promise was to pay the debt of another, the fact that it is supported by a good consideration will not save it from the condemnation of the statute. In addition, the promise must be in writing, and no matter what consideration exists, if the promise is collateral, a writing is the only competent evidence to establish it. (*Mallory* v. *Gillett*, 21 N. Y., 412.) But the defendant's promise was not a promise to answer for the debt of another, within the meaning of the statute. When it was made he had the legal title to, and possession of the mortgaged premises. The mortgage had been reduced several thousand dollars by payments, and the defendant by virtue of his ownership of the land, presumptively had an interest to protect it from sale on foreclosure. He was enabled by virtue of the agreement to take and control the rents and profits of the land during the time specified therein, and the plaintiffs meanwhile forbore to enforce their rights as mortgagees. The consideration of the defendant's promise was one running directly to him from the promisees. The agree-ment was entered into by the defendant for his own benefit, for the purpose of protecting his interest in the property covered by the mortgage. It was an arrangement with the lienors, for delay in enforcing their lien on the defendant's land.

The circumstances bring the case directly with the third class of cases enumerated in *Leonard* v. *Vredenburgh*, (8 J. R., 28,) viz. : where the promise to pay the debt of another, arises out of some new and original consideration of benefit or harm, running between the newly contracting parties. In this class of cases the subsisting liability of the original debtor, is no objection to a recovery. And when the purpose of the promise is to secure a benefit to the promissor, by relieving his property from a lien, or securing and confirming his pos-session, the promise is original and not collateral although a third person may be personally liable for the debt, and the promise may be in form a promise to pay such debt, and although the performance of the promise may result in dis-

charging the debt. (*Farley* v. *Cleveland*, 4 Cow., 432; *Mallory* v. *Gillett, supra.*) The case of *Mallory* v. *Gillett*, contains an able and elaborate review of the decisions upon the section of the statute we are now considering, and the opinion of COMSTOCK, Ch. J., recognizes and enforces the distinction between promises to pay the debt of another, entered into for the benefit of the original debtor, and in aid of the original contract, and promises which though in form promises to pay the debt of a third person, are not made for the purpose of securing or performing the original duty, but for the benefit of the promissor, although such security or performance may be the consequence. In a learned note in 1 Sand. 211 C, it is said : "Whether a case comes within the statute depends not on the consideration of the promise, but on the fact of the original party remaining liable, coupled with the absence of any liability on the part of the defendant, *or his property*, except such as arises from his express promise." We need not consider whether this statement of the doctrine is precisely accurate in all its parts, in view of the present state of the decisions, but it recognizes the validity of a verbal promise made under the circumstances of this case, and in that respect accords with the authorities before cited.

We think the judgment is right, and it should therefore be affirmed.

All concur.

Judgment affirmed.