·MUTUAL LIFE INS. CO. OF NEW YORK v. PARKER et al.

(Supreme Court, Appellate Division, Second Department. June 14, 1898.)

MORTGAGES—BONDS—PRIMARY LIABILITY.

Upon the sale of premises upon which plaintiff held a mortgage, which was assumed by the grantee, plaintiff released from liability for any deficiency the obligors on the original bond. Upon the foreclosure of a second, mortgage placed thereon by a later grantee, the premises were bought by defendant, who thereupon, in consideration of a reduction in the rate of interest on the original mortgage, and the extension of its term, executed to plaintiff an additional bond, agreeing to pay the principal sum secured by the mortgage, the bond reciting that it was collateral to the bond and mortgage of the original mortgagors. *Held*, in an action to foreclose the original mortgage, that defendant's bond was a primary obligation, and not collateral in the sense of making him a mere surety.

Appeal from special term.

Action by the Mutual Life Insurance Company of New York against Asa W. Parker, impleaded with others, to foreclose a mortgage. Defendant Parker appeals from the judgment in so far as it determines that he is liable for a deficiency on his bond. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

William Sullivan, for appellant.

Charles E. Miller (Walter Alexander, on brief), for respondent.

HATCH, J. Lucy Adaline Hall, and her husband, now deceased, in 1883 executed and delivered a bond to the plaintiff, and, as collateral thereto, executed and delivered a mortgage upon the premises which are the subject of this action. Thereafter, and in 1887, Mrs. Hall conveyed the premises to one Hanaman. The latter covenanted to pay the mortgage, and the plaintiff thereupon released Mrs. Hall, by instrument in writing sufficient for that purpose, from all liability for any deficiency which might arise if the land did not produce sufficient to pay the mortgage debt. · Hanaman subsequently conveyed the land to one Lansdell. He gave to Mrs. Parker a second mortgage upon the land, which was thereafter foreclosed; and the defendant Parker bid in the same at the foreclosure sale, subject to the lien of the prior mortgage to plaintiff. By an agreement thereafter made between the plaintiff and the defendant Parker, the interest upon the mortgage was reduced from 6 to 5 per cent., the time of payment of the mortgage was extended, and Parker gave to the plaintiff a "collateral bond,"· so called, agreeing to pay the principal sum secured by the mortgage. This instrument is in all respects sufficient to create a primary liability, and is of such effect unless the recital, "This instrument being collateral to the bond and mortgage of Lucy A. Hall and John B. Hall held by the above-named company, to secure the payment of the sum of fifteen thousand dollars, with interest; said mortgage being recorded in the county of Dutchess, in Liber 186 of Mortgages, page 306,"— changes it from a primary security to one of suretyship merely of the obligors in the original bond. The contention of the defendant Parker is that he occupies the relation of surety to the obligors in the former bond, and, as he was not informed of the agreement which

released them from any liability for a deficiency, he is discharged from all personal liability. We are therefore to consider what his relation is.

If he be not a surety, then he has no defense, and the judgment below is right. Ordinarily, when we speak of a collateral undertaking, we understand it to be secondary to a primary obligation, and in the nature of a security for the performance of the duty for which the principal obligation provides. I apprehend, however, that it may be in a sense collateral, and yet be also primary, dependent upon the circumstances and character of the consideration moving to the obligor therein. If the promise be made for the obligor's benefit, and he alone becomes the recipient and sole beneficiary in the matters arising therefrom, he may well become primarily liable, although his engagement be denominated collateral, unless the agreement, either in terms or by necessary implication, forbids such construction. Under such circumstances, we are to consider whether in fact the bond is collateral in the sense of suretyship, or additional and also primary. It is said by Judge Cooley:

"Now, a surety, as we understand it, is a person who, being liable to pay a debt or perform an obligation, is entitled, if it is enforced against him, to be indemnified by some other person, who ought himself to have made payment or performed before the surety was compelled to do so. It is immaterial in what form the relation of principal and surety is established, or whether the creditor is or is not contracted with in the two capacities. as is often the case when notes are given or bonds taken. The relation is fixed by the arrangement and equities between the debtors or obligors." Smith v. Shelden, 35 Mich. 42.

"Where the primary debt subsists, and was antecedently contracted, the promise to pay it is original when it is founded on a new consideration moving to the promisor, and beneficial to him, and such that the promisor thereby comes under an independent duty of payment, irrespective of the liability of the principal debtor." White v. Rintoul, 108 N. Y. 222, 15 N. E. 318; Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516.

In the present case the promise of the defendant Parker to pay the mortgage debt was founded upon a good consideration. The rate of interest was reduced, and the time in which to pay the mortgage debt was extended. The benefit derived from this transaction was enjoyed solely by Parker. He was enabled to retain the possession of the land, enjoy the rents and profits, and make use of it to the fullest extent. The conditions were such, therefore, that the promise was in no sense collateral, but was direct, independent, and primary; was supported by a consideration, the benefits of which were reaped by Parker directly and alone. No one else had interest therein. Prime v. Koehler, 77 N. Y. 91. At this time Parker occupied the relation of principal debtor upon the mortgage to the extent of the value of the land; and, occupying such relation, he had a special undivided pecuniary interest in dealing with the mortgagee, and in reducing the mortgage burden to the lowest point. There was no privity between the original obligors and Parker. There was no basis upon which to found an equitable right of subrogation in him, as against the original obligors. His promise was made for his own benefit, and those benefits he received. It is true that the agreement for the extension of the mortgage, and probably the change in the rate of interest, did not have the effect of dischar-

ging absolutely the obligors in the original bond (Murray v. Marshall, 94 N. Y. 611); yet they were so discharged to the extent of the value of the land at the time when the extension was given. Parker was chargeable with knowledge of the effect of his contract upon them, and would be estopped from asserting any right as against them which was destroyed by his contract. If Parker be now compelled to pay the amount of any deficiency, and he be held to stand in the relation of surety, he could only be subrogated for the deficiency above the value of the land at the time when he made his contract. And, if the land was of the value of the amount of the mortgage debt at the time the extension was given, he would have no right which he could enforce, as there would exist no legal liability upon the part of the obligors to pay the deficiency, and such condition would be the product of Parker's act equally with that of the plaintiff. But, within the principle of the decisions we have cited, the relation between the original obligors in the bond and Parker in his bond was never that of principal and surety. Parker's obligation was primary. Both obligations rested upon a basis of benefit which each received quite independent of the other. It was this obligation under which each rested, and the benefit which each received, independently of the other, that removes the contract from the domain of suretyship, and constitutes each an independent and primary obligation. The recital in the last bond does not have the effect of changing the relation of the parties, as it must be construed having regard to the equities of the parties, the obligation which the land was under, and the legal results which flowed from the act of each, based upon the obligation each was under and the benefits which each received. So regarded, it follows that the defendant Parker suffered no legal injury by the release of the original obligees, and consequently remains liable upon his bond for any deficiency which may arise upon the sale by virtue of its being an independent contract.

The judgment should be affirmed. All concur.

Judgment affirmed, with costs.