MUTUAL LIFE INS. CO. OF NEW YORK v. YATES COUNTY NAT. BANK
et al.

(Supreme Court, Appellate Division, Fourth Department.   December 9, 1898.)

1. BONDS—SEAL—CONSIDERATION—PRESUMPTION—REBUTTAL.
    A bond given by a bank to pay a debt, which was a specific lien on realty acquired by it, was under seal, which is presumptive evidence of a sufficient consideration, under Code Civ. Proc. § 840.   *Held*, that the presumption was not overcome by the evidence of a director of the bank that the incumbered realty was not conveyed to the bank in payment of a debt which then existed in its favor.

2. CORPORATIONS—BOND—AUTHORITY TO EXECUTE—PRESUMPTIONS.
    A bond was executed under the seal of a bank by its president, who made an affidavit stating that he was president, that the seal affixed was the corporate seal of the bank, and that the seal was affixed by order of the board of directors, and that he subscribed the same by their order. *Held* prima facie evidence of the authority of the president to execute the bond.

3. SAME—REBUTTAL—MINUTES OF BOARD.
    The presumption of the authority of the president of a bank to execute a bond to pay a debt which was a specific lien on property acquired by it, arising from the use of its seal and his affidavit to the bond, reciting his office, identifying the seal, and stating that it was affixed by order of the board of directors, and that they authorized him to subscribe the bond, is not overcome by negative testimony of a director, who acted as clerk of the board of directors, that he did not know of any resolution being passed in regard to the bond, and that he found no such resolution in the records of the board nor any record of the property being sold or conveyed to the bank, though he knew the bank had an interest in it, especially where the bank had afterwards conveyed its interest in the property.

4. NATIONAL BANKS—POWERS.
    A national bank has power to covenant to pay on demand a lien on land acquired by it.

Appeal from special term.

Action by the Mutual Life Insurance Company of New York against the Yates County National Bank, impleaded with others. From so much of a judgment of the special term as decrees that the complaint be dismissed as to the bank, and that the bank recover $66.71 costs, plaintiff appeals.   Reversed.

This action was begun November 12, 1896, to foreclose two mortgages executed by Michael L. Tierney and Ellen E. Tierney to the plaintiff, one dated April 8, 1887, to secure the payment of $35,000 one year after its date, with interest at the rate of 6 per cent. per annum, payable semiannually, and the other dated December 12, 1887, to secure the payment of $5,000, one year after its date, with interest at the rate of 6 per cent. per annum, payable semi-annually; and also to recover a judgment for any deficiency that might arise, upon the sale of the premises, against Michael L. Tierney and Ellen E. Tierney on their bonds accompanying the mortgages;  and also to recover of

Steven B. Ayers and Morris F. Sheppard on the bonds given by them by which they covenanted to pay the amount unpaid on said mortgages; and also to recover of the Yates County National Bank any deficiency that might arise on its bond executed March 3, 1892, to secure the payment of $40,000, on demand, with interest. April 9, 1887, Michael L. Tierney was the owner in fee of certain real estate, which on that day he mortgaged to the plaintiff to secure the payment of $35,000, according to the condition of the bond of himself and Ellen E. Tierney, bearing even date with the mortgage, by which they jointly and severally covenanted to pay said sum one year from date, with interest at the rate of 6 per cent. per annum, payable semiannually. The mortgage was duly recorded April 12, 1887. December 13, 1887, Michael L. Tierney, being the owner in fee of the same premises, mortgaged them to the plaintiff to secure the payment of $5,000, according to the condition of the bond of himself and Ellen E. Tierney, bearing even date with the mortgage, by which they jointly and severally covenanted to pay the plaintiff $5,000 one year after date, with interest at the rate of 6 per cent. per annum, payable semiannually. This mortgage was duly recorded December 16, 1887. October 9, 1891, Michael L. Tierney and Ellen E., his wife, in consideration of $75,000, conveyed the premises to Steven B. Ayers by a warranty deed duly recorded October 23, 1891, which grant recited that it was subject to said two mortgages. To secure the payment of these two mortgages, said Steven B. Ayers, November 17, 1891, executed to the plaintiff his bond, by which he covenanted to pay the plaintiff $40,000, with interest, on demand. November 25, 1891, Steven B. Ayers and Harriet B., his wife, conveyed an undivided one-seventh of the premises to the Yates County National Bank, which deed was duly recorded December 21, 1891, and on the same day said Steven B. Ayers and Harriet B., his wife, conveyed an undivided five-fourteenths of the mortgaged premises to Morris F. Sheppard, then the president of said bank, which deed was duly recorded December 21, 1891. March 3, 1892, the Yates County National Bank executed and delivered its bond, under its corporate seal, to the plaintiff, by which it covenanted to pay to the plaintiff $40,000, the amount due on said bonds and mortgages, on demand, with interest. When this bond was executed the bank was the owner of an undivided one-seventh of the mortgaged premises. March 3, 1892, Morris F. Sheppard executed his bond to the plaintiff as collateral to the bonds and mortgages given by Michael L. Tierney, by which he covenanted to pay the plaintiff $40,000, the amount due on said bonds and mortgages. When this bond was executed, he was the owner of five-fourteenths of the mortgaged premises. March 22, 1892, Steven B. Ayers and Harriet B., his wife, conveyed an undivided one-half of the mortgaged premises to Francis M. McDowell, which deed was duly recorded March 25, 1892. July 1, 1892, Francis M. McDowell, Eva S., his wife, the Yates County National Bank, and Morris F. Sheppard and Sarah, his wife, conveyed, by their several deeds, their entire interest in said mortgaged premises, being the whole thereof, to the Rochester Realty Company, by three deeds, which were duly recorded August 22, 1893. July 1, 1892, the Rochester Realty Company executed to Hanford Struble, as trustee, a mortgage upon said premises to secure the payment of $36,500, which was duly recorded August 5, 1893. March 16, 1895, the Rochester Realty Company executed and delivered to the plaintiff a bond as collateral to the bonds and mortgages given by Michael L. Tierney, by which it covenanted to pay to the plaintiff $40,000, the amount due on said bonds and mortgages. When this bond was executed the Rochester Realty Company was the owner of the whole of the mortgaged premises.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

Henry G. Danforth, for appellant.
Huson & Dwelle, for respondent.

FOLLETT, J. All the defendants except the Yates County National Bank made default, and a judgment was entered foreclosing the mortgages, and for any deficiency that might arise on the sale

·of the premises, against the defaulting defendants who had cov-
·enanted to pay the mortgage debt.   The Yates County National
Bank defended the demand for a judgment against it for any de-
ficiency that might arise on the sale of the mortgaged premises on
three grounds:   (1) That there was no consideration for its bond;
(2) that its president, who executed the bond, had no authority to
execute it;   (3) that it was without power to incur the obligation
represented by the bond, and that the execution of it was ultra
vires.

Does the evidence contained in the record authorize the conclu-
sion that there was no consideration for the bond?   The bond is
not a mere obligation to pay the debt of Michael L. and Ellen E.
Tierney, a contract of guaranty or of suretyship, but it is an orig-
inal undertaking on the part of the bank to pay a debt which was
a specific lien on its realty.   Winfield v. Potter, 10 Bosw. 226, 24.
How. Prac. 446; Prime v. Koehler, 7 Daly, 345, affirmed in 77
N. Y. 91; Insurance Co. v. Hall, 31 App. Div. 574, 52 N. Y. Supp.
404.   The bond is under the corporate seal of the bank, which is
"presumptive evidence of a sufficient consideration."   Code Civ.
Proc. § 840.   The seal of a corporation, like the seal of an individ-
ual, when affixed to a contract, is presumptive evidence of a suffi-
cient consideration for the contract.   Sturtevants v. Alton, 3 Mc-
Lean, 393–395, Fed. Cas. No. 13,580; Royal Bank of Liverpool v.
Grand Junction Railroad & Depot Co., 100 Mass. 444; Thomp.
Corp. § 5105; Jones, Ry. Sec. § 189; 1 Wat. Corp. p. 318, § 99.   The
bond being under seal, and importing a consideration, the defend-
ant was bound to allege in its answer, which it did, a want of con-
·sideration, and by affirmative evidence rebut the presumption aris-
ing from the presence of the seal.   This burden was on the de-
fendant, which, I think, it failed to sustain.   No witness testified
that there was no consideration for the bond, nor was any evidence
given of the circumstances under which it was executed from
which the presumption of a consideration was overthrown.   The
defendant called but a single witness, who was at the date of the
bond a director of the bank, and also clerk of its board of directors.
His examination was for the purpose of showing that the execu-
tion of the bond was not authorized by a resolution of the board
of directors.   He testified that he knew that the bank had an in-
terest in this property, though there was nothing in the book of
minutes to show it, and he knew of the conveyance of the mort-
gaged property to the bank and by the bank.   He testified that
it was not conveyed to the bank in payment of a debt which then
·existed in its favor, which is the only fact remotely relating to
the question of consideration, which is altogether insufficient to
rebut the presumption arising from the corporate seal that there
was a sufficient consideration for the bond.

Was the execution of the bond authorized by the board of di-
rectors of the bank?   The bond was executed by the chief execu-
tive officer of the bank, under its corporate seal, who made an affi-
·davit wherein he stated "that he is the president of the Yates
County National Bank of Penn Yan; that the seal affixed to the

foregoing instrument is the corporate seal of said bank; that the same was affixed thereto by virtue of an order of the board of directors of said bank, and that he subscribed the same by virtue of a like order of said board." The seal and the affidavit were prima facie evidence of the authority of the president to execute the bond. Lovett v. Association, 6 Paige, 54; Hoyt v. Thompson, 5 N. Y. 320, 335; Trustees v. McKechnie, 90 N. Y. 618; New England Iron Co. v. Gilbert El. R. Co., 91 N. Y. 153; Thomp. Corp. § 5029. To overcome this presumption, a director of the bank who acted as clerk of the board of directors, and kept a record of the minutes of the board, testified that the board did not, to his knowledge, pass any resolution or take any action in regard to the execution of the bond. He produced the records of the board, and testified that he found no resolution therein authorizing the execution. He testified that he knew the bank had an interest in this real estate, and that there was nothing in the book of minutes of the board showing that the property was purchased or conveyed by the bank. He testified that he knew of the conveyance of this property to the bank and by the bank; knew that the bond was sent to the bank for execution, but he did not know that it was executed at the time it was executed. No other directors were sworn, and I think this negative evidence of a want of knowledge on the part of the witness was not sufficient to overcome the presumption arising from the seal and the affidavit of the president, coupled with the fact that the bank afterwards, on July 1, 1892, conveyed its interest in the property. Showing that there was no recorded vote does not overcome the presumption. Hart v. Stone, 30 Conn. 94; Railway Co. v. Bastian, 15 Md. 494; Fidelity Ins., T. & S. D. Co. v. Shenandoah Val. R. Co., 32 W. Va. 244, 9 S. E. 180; Thomp. Corp. §§ 5106, 5107.

Was the execution of the bond ultra vires? The presumption is that all contracts made by corporations are within their power, unless the contrary appears on the face of the contract, or unless it is shown affirmatively, by way of defense, that the corporation had no power to make the contract. Morse, Banks, § 56, and cases cited. The bond was but a covenant to pay a sum specified, evidently given because the bank was the owner of an interest in the mortgaged premises. A national bank having acquired the title to realty, incumbered by a mortgage, has power to pay it and discharge the lien. It would not be contended that such an act is beyond the power of a bank, and I am unable to see why the covenant of a bank to pay a lien on its land, at a future day, or on demand, is beyond its power. The plaintiff abstained from foreclosing these mortgages for more than four years after the bond was given, and in the meantime the bank conveyed the mortgaged premises, and technical defenses, not clearly established, will not prevail.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.