No. 35,686

THE CITY OF CHETOPA, *Appellee*, v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF LABETTE, JAMES REED, RAY MOORE and
O. B. HELMS as County Commissioners, etc., *Appellants*.

(133 P. 2d 174)

Opinion filed January 23, 1943.

*Glenn Jones*, county attorney, and *Jack L. Goodrich*, assistant county at-
torney, were on the briefs for the appellants.

*Elmer W. Columbia*, of Parsons, and *Hugh Randall*, of Chetopa, were on the
briefs for the appellee.

### SUPPLEMENTAL OPINION DENYING REHEARING

The opinion of the court was delivered by

SMITH, J.: The opinion reversing the judgment of the trial court
was filed in November, 1942. (See *City of Chetopa v. Labette
County Comm'rs*, 155 Kan. 886, 130 P. 2d 614.) Whereupon both
the appellants and the appellee filed a motion for a rehearing.

The action was brought by the city to recover from the county
commissioners money it claimed should have been paid it over the
course of ten years from 1933 for the maintenance of portions of the
streets of the city that had been connecting links in the county high-
way system, pursuant to G. S. 1935, 68-506e. Among other things
the county commissioners alleged in paragraph 7 of their answer
that the plaintiff had received payment for any claims it had against

the defendants for the maintenance of any streets located in the city pursuant to the terms of a resolution adopted by the board of county commissioners on July 20, 1934; that by that resolution the defendants exercised their election to operate under the provisions of G. S. 1935, 68-416, and G. S. 1935, 68-424, and that this election was made at the request of plaintiff, together with other cities of the county. A copy of this resolution was attached to the answer.

The answer also alleged in paragraph 8, that the plaintiff in good conscience ought not to be permitted to recover under the provisions of G. S. 1935, 68-506e, for the reason that it had requested defendant to set aside thirty-five percent of the county and township road fund, as provided by G. S. 1935, 68-424, and that this action had been taken after a meeting between the board of county commissioners and the city authorities, and that at that time the city authorities knew of the provisions of G. S. 1935, 68-506e; that since July 20, 1934, plaintiff had received payment direct from the state treasurer for its proper share of the funds so set aside; that since July 20, 1934, plaintiff had received the benefit of the money obtained from that fund and no claim was filed prior to filing this suit, and that up to the time this claim was filed plaintiff had not made demand from defendant, and that defendant in good faith relying on the resolution adopted July 20, 1934, had collected only sixty-five percent of the fund and made no provision for paying plaintiff pursuant to G. S. 1935, 68-506e, and that money received by the defendant pursuant to G. S. 1935, 68-416, had been budgeted and spent, and at the time plaintiff requested defendants to adopt the resolution referred to defendant was under no obligation to set aside for plaintiff any money of the fund, but defendant in good faith had performed this part of the resolution, and that by reason of these facts the plaintiff was estopped from making any claim against defendant for $10,385.39, for the reason it would be unconscionable and inequitable to defendant and that the defendant would suffer great loss and damage.

These two paragraphs were stricken out of the answer by the trial court on motion of the plaintiff. When the appeal was originally before this court we dealt with the defense pleaded in paragraph 7. Having determined that this paragraph stated a good defense to the action and should not have been stricken out, we reversed the judgment of the trial court on that ground. We concluded that it would not be necessary for us to deal with the question of whether para-

graph 8 stated a good defense, since our decision of the former question ended the matter.

It will be seen that the defense pleaded in paragraph 7 dealt with a claimed payment to the city by the county pursuant to G. S. 1935, 68-506e, a different statute, under the terms of which action was brought. After the opinion was published the county commissioners filed a motion for a rehearing in which they pointed out that while the action was brought to recover payments due for the years 1933 to 1942 the answer did not plead any payment pursuant to G. S. 1935, 68-424 (also known as chapter 94 of the Special Session Laws of 1933), for the year 1933, up to and including July 20, 1934, and that the amount claimed for that period of time was $1,038.51.

It will be noted that by paragraph 8 the defendants attempted to plead that the city was estopped from making its claim and had waived its claim by laches. As the matter now stands, these two defenses were ordered stricken from the answer and the correctness of the order was not considered in our opinion. Since estoppel and laches are affirmative defenses and cannot be proven by the evidence on a general denial, it is necessary that this question be decided. When the matter was called to our attention we again examined the briefs and record and found that the question of estoppel and laches had been briefed fully by both parties when the appeal was first presented, so we concluded to deal with the question in this supplemental opinion without having a rehearing.

The plaintiffs rely upon the general rule that a municipal officer cannot by his acts work an estoppel against the municipality, and that he cannot by his acts waive any right the municipality has. There are exceptions to this rule. This is an action between two municipalities. The reason for the general rule disappears sometimes in such cases. By paragraph 8 the defendants attempted to plead that the plaintiff ought not be permitted to recover all the money sued for from the county pursuant to G. S. 1935, 68-506e, because the city officials met with the county commissioners and asked them to spend part of the funds from which the payments pursuant to G. S. 1935, 68-506e, would be made in an entirely different manner, and that at this time the city officials knew of the provisions of G. S. 1935, 68-506e, and that the city accepted the arrangement made and received the money; that is, by this pleading the defendant alleged that the city had taken a position inconsistent with the position taken in this action and had benefited thereby, and

that the county commissioners had suffered on account of this because they had relied on the action taken and on the fact that the city did not demand its money year after year and the county had budgeted and disbursed all its funds according to law each year and had no money on hand with which to pay plaintiff's claim.

The rule that action on the part of an official cannot work an estoppel against a municipality comes from the necessity that courts will protect the public interest, that is, a municipality ought not to suffer on account of laxity of public officials in doing their duty, but neither ought a municipality to be unjustly enriched at the expense of another municipality on account of the sharp dealing or negligence of its officials.

*H. & S. Rld. Co. v. Comm'rs of Kingman Co.*, 48 Kan. 70, 28 Pac. 1078, was an action to compel the county commissioners to issue some railroad bonds. Several defenses to the legality of the bonds were raised. The court found that the defendant, board of county commissioners, made an order finding that the petition calling the election was proper and ordered notice of the election; that the election was held and the bonds carried; that the appellant's board canvassed the election returns and declared the result to be in favor of the bonds and it therefore was ordered that the county clerk subscribe to the capital stock of the original railroad company. After this was done the railroad was constructed through the township. This court held:

"That the overpowering weight of modern judicial opinion is to the effect that, assuming the illegality of the petition, the other acts of the municipality, and its silence and nonaction, as heretofore recited, are amply sufficient to estop it from assering that illegality in this action. The other acts of the municipality referred to are as different as the reported cases, but those acts most common to all the cases are the reception and use of the benefits of the contract, the enjoyment of the labor of others, failure to protest or to commence legal proceedings in apt time, the retention of the stock and general acquiescence in all proceedings until the contract becomes wholly executed." (p. 98.)

In *Kneeland v. Gilman and Another*, 24 Wis. 39, the court, in speaking of municipal corporations, said:

"As to matters within the scope of their powers, the doctrine of estoppel, and that agreements made in their behalf may be ratified by acquiescence and accepting the benefit of them, with knowledge of the facts, is as well settled as it is in the case of natural persons." (p. 42.)

See, also, *Commissioners of Morris Co. v. Hinchman*, 31 Kan. 729,

3 Pac. 504. The rule is stated in 19 Am. Jur., sec. 41, p. 640, as follows:

"Generally speaking, however, equitable estoppel is a rule of justice which in its proper field prevails over all other rules. It is a rule of last resort, but when it is aroused into activity, it stays the operation of other rules which have not run their course, when to allow them to proceed further would be a greater wrong than to enjoin them permanently. It may, in proper cases, operate to cut off a right or privilege conferred by statute or even by the Constitution."

We hold that the situation as described by the allegations of paragraph 8 is one where the rule that the law will not lend itself to the business of unjustly enriching one person at the expense of another should be called into play. What has just been said here with reference to the defense of estoppel applies with equal force to the concluding portion of paragraph 8, wherein the defense of laches is pleaded. The trial court erred in striking paragraph 8 from the answer.

We have considered the petition of appellee for a rehearing or modification, and it is denied. The order of reversal is adhered to.

PARKER, J., not participating.