LOTON K. HUNT and BENJAMIN VAN HOESEN, Respondents, v. EDWARD ROBERTS, Appellant.

One who guarantees the performance of a contract has the right, after default by his principal which would justify its termination, to require that the contract be terminated and the claim against himself, as surety be confined to the damages then recoverable.

The defendant guaranteed the performance, on the part of C., of a building contract made by C. and the plaintiffs, wherein the plaintiffs agreed to perform the work by the 15th of October, and C. to furnish materials, and pay a certain sum. After October 15th, the work being unfinished,

---

[*] Reported ante, *Wayland* v. *Tysen*, p. 281; *Thompson* v. *Erie Railroad Company*, p. 468.

Opinion of the Court, per RAPALLO, J.

the defendant gave notice to the plaintiffs, that if they did not complete the work before the 1st of November, he would not be responsible as guarantor thereafter. The plaintiffs kept on until June following, being delayed by C's. failure to supply materials. The defendant, by an arrangement with a third person, and to which the plaintiffs were not a party, had assumed C's. obligations, and, after November 1st, urged the plaintiffs to perform, and himself supplied materials, but stated to them that he would not be personally responsible.

*Held*, in an action on the contract of guaranty, that the effect of the notice was an extension of time for performance, and continued the defendant's liability as guarantor, to November 1st only; and his liability was limited to the debt and damages which the plaintiffs were entitled to claim at that time.

(Argued June 1st; decided June 13th, 1871.)

APPEAL from an order of the General Term of the New York Common Pleas, affirming a judgment in favor of the plaintiffs, entered upon the report of Hamilton W. Robinson, Esq., sole referee.

The action was brought upon a contract of guaranty. The facts sufficiently appear in the opinion of the court.

*Aaron J. Vanderpoel*, for the appellant.

*E. N. Taft*, for the respondents, cited *Carman* v. *Pultz* (21 N. Y., 549); *Young* v. *Hunter* (2 Seld., 204); *Moses* v. *Bierling* (31 N. Y., 464); *Smith* v. *Gugerty* (4 Barb., 621); *Farnham* v. *Ross* (2 Hall, 167); *Jones* v. *Judd* (5 Comst., 411); *Green* v. *Haines* (1 Hill, 254).

RAPALLO, J.  By a contract dated August 12, 1861, the plaintiffs agreed with Crossley to do the carpenters' work on the houses for the sum of $2,625, and to complete the work on or before the 15th of October, 1861; Crossley was to furnish the materials. The defendant guaranteed the fulfillment of the contract on the part of Crossley.

The work was not finished on the 15th of October, and between that day and the 1st of November the defendant gave notice to the plaintiffs that if they did not complete the

work before the 1st of November, 1861, he would not be responsible as guarantor after that day. The plaintiffs, nevertheless, went on with the work until June, 1862, and have recovered in this action the contract price of the work up to that time.

It appears from the findings of the referee, that the delay in completing the work was owing to the fault of Crossley in furnishing the materials and preparing the houses. And further, that the defendant had, under a contract with Henry Day, the owner of the lots, assumed the obligations of Crossley in those respects, so that the default was in fact that of the defendant. What the arrangements were between Crossley and the defendant does not appear.

The defence cannot be sustained on the ground of any breach of the contract on the part of the plaintiffs, but rests wholly upon the effect of the defendant's notice that he would not be bound as guarantor after the 1st of November.

By the terms of the original contract, the work was to have been completed on the 15th of October. If not performed at this time, the defendant, had he not interfered in the transaction, or consented to an extension of the time, would have been entitled to have the matter closed. If the delay had been owing to the default of the plaintiffs, the defendant would have been discharged. If it was caused by Crossley, he had been guilty of a breach, and the defendant would have been entitled to insist upon the contract being terminated, and, on such termination, would have been liable as guarantor for the work done up to that time, and for the damages sustained by the plaintiffs in not being allowed to complete the job.

The effect of the notice was to extend the time for completion, as far as the guaranty was concerned, to the 1st of November. We think that the extension left the parties in the same position on the 1st of November in which they would otherwise have been on the 15th of October, and that it did not operate as an extension of the guaranty indefinitely to such time as might be necessary to complete the work, but

that the defendant had the right to insist that his liability, as guarantor, should be limited to the debt and damages which the plaintiffs were entitled to claim as of the date specified in his notice.

The referee finds, however, that after having given the notice that he would not be responsible as guarantor after the 1st of November, 1861, and from that date to June 13th, 1862, the defendant continued to urge the plaintiffs to perform their contract with Crossley, and supplied them with materials for that purpose, and continued to superintend the work, and that he and Crossley waived a strict performance of the work within the time specified by the contract.

These acts of the defendant, if unqualified by cotemporaneous declarations explaining their intent, would have justified the referee in finding that the defendant abandoned the position he had taken as to the continuance of his liability as guarantor, and consented that the plaintiff should go on after the 1st of November and complete the work under the original contract and guaranty.

But the referee further finds that after the 1st of November, and while the plaintiffs were engaged on the work, the defendant stated to them that he would not be personally responsible therefor. The evidence fully substantiates this finding, and shows that the defendant persistently maintained this position throughout all the dealings subsequent to the 1st of November.

It appears that the defendant had an interest in the completion of the buildings, though the precise relations between him and Crossley are not disclosed; that he desired their completion, but was not willing to be personally responsible for work done after the 1st of November. This he communicated to the plaintiffs. His request to them was in substance that they should go on and finish the building, trusting to Crossley or to the arrangements with Mr. Day for work done after the 1st of November, but not looking to the defendant as guarantor after that date.

The plaintiffs were at liberty to pursue that course, or to stop work and look to Crossley and the defendant for the damages. Crossley having by his default placed it in the plaintiffs' power to stop work without incurring any liability to him, the defendant, as his surety, had the right at any time after such default, to call upon them to take that course for his protection. In going on with the work, they acted with their eyes open and voluntarily assumed the risk.

The fact that the defendant was interested in the building, or that, under his contract with Day, he was bound to have furnished the materials, and that his default was the cause of Crossley's default, cannot vary the rights of the parties in this action. The defendant made no contract with the plaintiffs as principal. The plaintiffs contracted with Crossley as principal, and the defendant became his surety. The parties having made their contract in this form, and the action being founded on that contract, the defendant was entitled to assert all the rights of a surety. The arrangements, between Day and Crossley and the defendant, concerned them only, and their rights or equities, as between each other, cannot affect the contract between the defendant and the plaintiffs.

If the defence rested upon the allegation, that the plaintiffs had failed to perform their part of the contract, or that the contract had been varied, the facts found by the referee would have been abundant answers to those defences. But such is not the nature of the defence. It is, that after the contract had been broken, the defendant, in his character of surety, insisted that the plaintiffs should not go on and add to his liability as guarantor, but that, if they continued, they should look to the principal alone for all work done after that time. If they did not think proper to continue on those terms, they should have stopped work, and would have been entitled to recover of the defendant what they had earned up to that time and their damages for not being allowed to complete the job.

The learned referee, in substance, denied all effect to the notice given by the defendant, and seems to have held that he

could not thereby fix the time as of which the amount of his liability should be ascertained. There is authority for the proposition, that a surety cannot, before breach, by his own act terminate a subsisting suretyship for a third person, so as to exempt himself from liability for future defaults of his principal (*Hough* v. *Warr*, 1 Carr. & P., 151; *Calvert* v. *Gordon*, 1 M. & Ry., 497; S. C., 7 B. & C., 809; *Gordon* v. *Calvert*, 2 Sim., 253, V. Ch.; S. C., 4 Russ., 581, Ld. Chr.; *Calvert* v. *Gordon*, 3 M. & Ry., 124); although an agreement to guarantee obligations to be incurred may be revoked before it is acted upon. (*Offord* v. *Davies*, 31 L. I. C. B., 319; *Agawam Bank* v. *Strever*, 18 N. Y., 513, 514.) Without now determining how far a surety can, before a breach of the engagement of his principal, protect himself from future defaults, we are clearly of opinion that, after a breach which will justify a termination of the contract, the surety has the right to require that the contract with the principal be terminated, and the claim against the surety confined to the damages then recoverable.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur, except Peckham, J., who dissents on the ground, that the subsequent directions of the defendant were inconsistent with, and a waiver of his notice that he would no longer continue liable as surety.

Judgment reversed and new trial ordered, costs to abide the event.