LOUISE M. KERNOCHAN, as Administratrix, etc., Appellant, *v.*
ANGELINE A. MURRAY et al., Executors, etc., Respondents.

It is a presumption of law, in the absence of express words, that the parties
to a contract intend to bind not only themselves, but their personal
representatives.

Upon the sale by De M. & Co. to K., plaintiff's testator, of certain shares of
corporate stock, as an inducement thereto, said firm executed to K. a writ-
ing guaranteeing that, so long as he held the stock, he should receive divi-
dends thereon equal to seven per cent per annum, and agreeing that they
would make good any deficiency. *Held,* that this writing was an
original contract, and, although in the sale of the stock they were, in fact,
acting as agents for an undisclosed principal, in making it they were
principals, not sureties; that the guaranty was not limited to the duration
of the partnership or the lives of the copartners; and that, therefore,
an action was maintainable upon the guaranty, against the executrix of
the surviving member of said firm, for deficits accruing after the death of
such survivor.

(Argued October 12, 1888; decided November 27, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made January 13, 1887, which affirmed a judgment in favor
of defendant, entered upon a verdict.

This action was brought originally by John A. Kernochan,
the present plaintiff's intestate, against defendants, as executors
of the will of Richard M. De Mill, who, at the time of his
decease, was the sole surviving member of the firm of
De Mill & Co.

In 1871 said firm sold to Kernochan forty shares of the
stock of a corporation known as the Albemarle Swamp Land
Company. At the time of the purchase, and, as an induce-
ment thereto, the firm executed and delivered to Kernochan
an instrument, of which the following is a copy:

" In consideration of your having purchased, upon my repre
sentation as to their value, forty shares of stock of the Albe-
marle Swamp Land Company, and of one dollar to me in hand
paid, I do hereby guaranty that you shall receive, as long as

you hold said stock, dividends equal to seven per cent per annum, or I will make good to you all deficit from such amount.

"NEW YORK, *August* 21, 1871.

"DE MILL & CO.

"Witness: JOHN S. LENG."

The company failed to pay dividends, and Kernochan collected, under the guaranty, the amount guaranteed up to the death of defendant's testator. This action was brought to recover deficits accruing thereafter.

*J. Frederic Kernochan* for appellant. It is a presumption of law that parties to a simple contract intend to bind not only themselves, but their personal representatives. (2 Parsons on Con. [6th ed.] 530 ; *Stillman* v. *Northrup,* 109 N. Y. 473.) The contract sued upon is not a contract of guaranty, but an original and independent one. (*Jamison* v. *Citizens' Savings Bk.,* 44 Hun, 412; *Cobb* v. *Knapp,* 71 N. Y. 348.) Even if the agreement be construed to be a contract of guaranty, defendant having received consideration, is not a mere naked surety, and his estate is not discharged. (*Richardson* v. *Draper,* 87 N. Y. 344.)

*Sidney V. Lowell* for respondents. The fact that the De Mills were agents only for the sale of the stock is a material fact. The surety paper looked to purely personal relations between the parties. It contained no words binding the successors or administrators, etc., of the signers, and from its general language and the context was evidently not meant to extend beyond the lines of the parties. (*Royal L. Ins. Co.* v. *Davies,* 40 Iowa, 469 ; *Dickinson* v. *Callahan,* 7 Harris [Pa.], 227 ; *Quain's Appeal,* 10 id. 510; *Bland's Admr.* v. *Ulmstead,* 11 id. 316 ; *Tasker* v. *Shepherd,* 6 H. & N. 575 ; *Campanari* v. *Woodburn,* 80 C. L. [Eng. Rep.] 400.) A claim ceases at the death of a party whose liability is that of a surety only. (*Risley* v. *Brown,* 67 N. Y. 160; *Hauck* v. *Craighead,* Id. 432 ; *Wood* v. *Fish,* 63 id. 245 ; *Getty* v. *Binsse,* 49 id. 385.) Even where the death of the surety occurs after judgment against

him, the obligor has no right to collect the judgment. (*Risely* v. *Brown*, 41 N. Y. 160.)

ANDREWS, J. We think the judgment below proceeds upon a misconstruction of the contract of guaranty. The guaranty did not, in terms, purport to bind the executors or administrators of De Mill & Co. But it is a presumption of law, in the absence of express words, that the parties to a contract intend to bind not only themselves, but their personal representatives. (1 Pars. on Con. 530, and cases cited; Co. on Lit. 209 a.) In case of a contract for the payment of money, or the sale or purchase of property, or of a covenant of warranty, it would be an unreasonable supposition that the parties intended that the obligation should not survive against their representatives, although not specially named. It is, of course, competent for parties to agree that a contract shall not survive and that all obligation under it should terminate on their death. So a contract may be of such a nature as to admit only of a personal performance, or as to imply that it is to be operative only during the continuance of personal relations, although not so expressed in terms, and will be deemed dissolved by death or other disability which renders performance, according to the intention, impossible. Contracts for the rendition of personal or professional services are of this character, and they terminate with the death or disability of the party owing them.

The guaranty in this case has no such personal quality. It was given by De Mill & Co. as an inducement to the plaintiff's testator to purchase from them forty shares of the stock of "The Albemarle Swamp Land Company." They represented the stock to be valuable, and claimed to be selling it for some parties who held it, and who desired to realize upon it, but whose names were not disclosed. They guaranteed that the plaintiff, so long as he held the stock, should receive dividends thereon equal to seven per cent per annum, and that they would make good any deficiency. The contract is plain and unambiguous. The obligation of De Mill & Co. was not limited in terms to the duration of the partnership or to the

lives of the copartners. The only limitation of time was the period during which the purchaser should hold the stock. The guaranty protected the purchaser while his interest should continue, and this presumably was what he required and both parties intended. Any other construction would subject the purchaser to the risk of losing the benefit of the guaranty on the death of the guarantors, which might happen at any time. There are cases cited holding that a continuing guaranty of advances to be made to a third party, in the absence of any express provision, is revoked as to subsequent advances by the death of the guarantor and notice. (*Coulthart* v. *Clementson*, L. R., 5 Q. B. D. 42; *Harriss* v. *Fawcett*, L. R., 15 Eq. Cas. 311.) These cases stand upon a perfectly equitable principle, each advance constituting a fresh consideration. But a guaranty creating a continuing pecuniary obligation, the consideration for which is entire and given once for all, is very different, and it would be very inequitable to hold that it was terminated by the death of the guarantor, unless this intention is plainly expressed in the guaranty itself. (*Lloyd's* v. *Harper*, L. R., 16 Ch. Div. 290.)

The judgment in this case cannot, therefore, we think be supported on the theory that the guaranty, by fair intendment, was limited to the lives of the guarantors. Equally unfounded, we think, is the claim of the defendants that De Mill & Co. were sureties, and for that reason their obligation terminated on their death. (*Getty* v. *Binsse*, 49 N. Y. 385.) Their undertaking was original and not collateral. They entered into the guaranty for their own benefit, upon a consideration moving to them as principals. If they were in fact, acting as agents in selling this stock, not having disclosed their principal, they stood in respect to the purchaser as the owner and vendor. (*Cobb* v. *Knapp*, 71 N. Y. 348.) In entering into the guaranty they assumed no obligation resting on the company. The company was under no legal obligation to declare dividends to stockholders, and, least of all, to declare dividends of any particular amount. The contract of De Mill & Co. was clearly original, and they were principals and not sureties.

We think the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.