LOUISE M. KERNOCHAN, as Administratrix of JOHN A. KERNOCHAN, Deceased, Plaintiff, *v.* ANGELINE A. MURRAY, as Executrix, and ROBERT A. De MILL, as Executor of RICHARD M. De MILL, Deceased, Defendants.

*Guaranty—when it continues after the 'death of the guarantor and of the party guaranteed.*

A vendor of certain stock delivered to his vendee the following instrument in writing:

"In consideration of your having purchased upon my representation as to their value forty shares of stock of the Albemarle Swamp Land Company, and of one dollar to me in hand paid, I do hereby guaranty that you shall receive, as long as you hold said stock, dividends, equal to seven per cent per annum, or I will make good to you all deficit from such amount.        "De MILL & CO.

"New York, *August* 21, 1871.

"Witness: John S. Leng."

*Held*, that the guaranty therein contained was not terminated by the death of the guarantor, nor was it terminated upon the death of the person in whose favor the guaranty ran, so long as the stock therein referred to was not parted with, and that the devolution of the stock by operation of law to the legal representative of the vendee was in no sense a parting with the stock such as was contemplated by the agreement.

CASE submitted without action upon an agreed statement of facts.

*J. Frederick Kernochan*, for the plaintiff.

*Sidney V. Lovell*, for the defendants.

VAN BRUNT, P. J.:

In view of the decision of the Court of Appeals in *Kernochan v. Murray* (111 N. Y., 306), construing the instrument upon which this action was brought, there remains but one question to be determined upon the trial of this case, and that is, did the personal representatives of John Kernochan, upon his death, acquire any rights by virtue of this agreement, he not having ever parted with the stock in question? The Court of Appeals have already held that this guaranty had no personal quality; that it was an original and not a collateral undertaking, and that although it read I do hereby guaranty, etc., the personal representatives of the guarantor were bound. Applying the same principle of construction, if the guaranty was not terminated by the death of the guarantor, neither would it terminate upon the death of the person to whom the guaranty ran.

It is true that it guaranteed him as long as he held the stock, but this clearly meant as long as the stock was not parted with, and the devolution of the stock by operation of law was in no sense a parting with the stock such as was contemplated by the agreement. As the court of Appeals say in the case cited, the guaranty protected the purchaser while his interest should continue, in other words, until he voluntarily parted with his interest. Upon his death, it is true, he parted with the stock, but it cannot be assumed that he voluntarily did so, and his interest devolved by law upon his personal representative, and she stood in precisely the same relation to the contract as the deceased. The claim made by the defendant that the guaranty was merely personal, and that the

guarantor was a surety, seem to have been determined adversely to him in the case cited.

The plaintiff is entitled to judgment, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment for plaintiff, with costs.