JOHN REILLY et al., as Executor, etc., Respondents, *v.* RUFUS
    DODGE et al., as Executor, etc., Appellants.

A notice by a surety upon a bond given by a deputy sheriff for the faith-
    ful performance of his duties, to the effect that the surety declines there-
    after to be surety, does not operate to immediately discharge him, but
    only after a reasonable time has elapsed sufficient to enable the sheriff
    to notify the deputy and other sureties, and to permit a new bond to be
    given.

The question as to what is a reasonable time in such a case, is usually one
    of law.

*It seems*, however, that where the facts from which the conclusion is to be
    drawn are disputed, or the inferences to be drawn from conceded facts are
    not certain, or the motive of the parties enter into the question, the
    court is warranted in submitting the case to the jury.

Such a notice given by a surety is not an official paper required by law
    to be served upon the sheriff as such, but relates simply to a contract
    between him and the obligors in the bond as individuals.

*It seems*, therefore, that the statutory provision (2 R. S. 282; § 56), provid-
    ing that every notice or paper required to be served on a sheriff, may be
    served by leaving the same at his office, does not apply.

When such a notice was served upon the deputy at the office of the sheriff,
    *held*, that it was operative when it came to the knowledge of the sheriff.

The sheriff acting in the ordinary course of business, and without any bad
    faith with respect to the sureties, may for a reasonable time after the
    receipt or knowledge of the notice, entrust new business to the deputy
    without discharging the sureties.

(Argued January 25, 1892; decided February 9, 1892.)

APPEAL from order of the General Term of the Superior
Court of the city of New York, made February 2, 1891, which
reversed a judgment in favor of defendants entered upon the
report of a referee and ordered a new trial.

This action was brought upon a bond given by the defendant
Dodge with Christian Sauer, now deceased, and the defendant
and appellant John McDermott, as sureties, to Bernard Reilly,
sheriff of the city and county of New York, also now deceased,
conditioned for the faithful performance of the duties of
deputy sheriff by the said Dodge, under said Bernard Reilly
as sheriff.

The facts, so far as material, are stated in the opinion.

SICKELS — VOL. LXXXVI.        20

*W. W. Westervelt* for appellant McDermott.   The defendant McDermott, as surety, was bound for the fidelity and honesty of the defendant Dodge as a deputy sheriff for an indefinite time and a contingent liability. (1 R. S. chap. 12, art. 5, § 73; Id. chap. 5, art. 1, § 8.) The defendant McDermott might at any time terminate his liability on the bond for all future defaults of the defendant Dodge. (*Emery* v. *Baltz,* 94 N. Y. 408.)   The service of the notice of November 28, 1877, by leaving same with John T. Cumming, the under-sheriff, was a service upon Bernard Reilly. (3 R. S. chap. 3, art. 2, §§ 55, 56.) Bernard Reilly, as sheriff acting on said notice, exercised his pleasure under the statute by revoking the authority of defendant Dodge as a deputy sheriff, pending the giving of another bond. (*Edmunds* v. *Barton,* 31 N. Y. 495.)   Whatever acts performed by defendant Dodge as a deputy sheriff under executions received after November 28, 1877, were not performed by him within the provisions of the bond. (*Edmunds* v. *Barton,* 31 N. Y. 495.)

*Louis M. Doscher* for appellants.   The appointment of the defendant Dodge as a deputy sheriff was during the pleasure of the plaintiff's testator. (1 R. S. chap. 12, art. 5, § 73; Id. chap. 5, art. 1, § 8.) The defendant John McDermott had a right, at any time, to terminate his liability on the bond for all future defaults by proper notice. (*Emery* v. *Baltz,* 94 N. Y. 408.)   A notice for the purpose of terminating a surety's liability served upon the under-sheriff is a notice served upon the sheriff, so far as the bond in question is concerned.   (3 R. S. chap. 3, art. 2, § 55.)   A deputy sheriff may be suspended and his authority revoked by parol. (*Edmunds* v. *Barton,* 31 N. Y. 495.)   The plaintiffs' testator, by his acceptance of the surety McDermott's notice, and his acting upon it, thereby released the sureties from their obligations after the date November 28, 1877. (*Edmunds* v. *Barton,* 31 N. Y. 495.)

*Henry Thompson* for respondents.   The notice signed by McDermott and served upon the under-sheriff, did not termi-nate his liability upon the bond in suit, nor that of his co-surety,

nor that of the deputy. (*Sherman* v. *Conner*, 16 Abb. [N. S.] 396; *Barnard* v. *Darling*, 11 Wend. 28, 29; *Calvert* v. *Gordon*, 3 M. & R. 124; *Hassel* v. *Long*, 2 M. & S. 363, 370, 372; *Hough* v. *Warr*, 1 C. & P. 151; *Burgess* v. *Eve*, L. R. [13 Eq.] 450; *Hunt* v. *Roberts*, 45 N. Y. 696; *Andrus* v. *Bealls*, 9 Cow. 693; *Hart* v. *Brady*, 1 Sandf. 526; *Bostwick* v. *Van Voorhis*, 91 N. Y. 353, 363.) The notice to the deputy that he must get a new bond, one of his sureties being unwilling to continue longer as his bondsman, and that meanwhile he would not get "new business," did not nullify the old bond, nor release the sureties from obligation under it. (*Cresson* v. *Stout*, 5 Cow. 390; *Russell* v. *Gibbs*, 1 Hill, 559; *Peck* v. *Tiffany*, 2 Coms. 451; *McGill* v. *Bank of U. S.*, 12 Wheat. 511; *U. S.* v. *Magill*, 1 Paine, 661; *Gregory* v. *Mayor, etc.*, 113 N. Y. 416; *U. S.* v. *Nicholl*, 12 Wheat. 505; *People* v. *Brush*, 6 Wend. 454; *Doty* v. *Wilson*, 5 Lans. 10; *Hart* v. *Brady*, 1 Sandf. 627; *Allen* v. *Jaquish*, 21 Wend. 632; *Pierrepont* v. *Barnard*, 6 N. Y. 295.)

O'BRIEN, J. On the 22d day of June, 1877, the defendant Dodge, having previous to that date been appointed by Bernard Reilly, then sheriff of the city and county of New York, one of his deputies, procured to be executed and delivered to the sheriff a bond, with one Christian Sauer and John McDermott as sureties, in the penal sum of ten thousand dollars, conditioned for the faithful performance of his duty by said Dodge as deputy sheriff. The sureties in this bond became bound, among other things, to indemnify and save harmless the said Reilly as sheriff, his heirs, executors and administrators from and against all demands, damages, costs, liabilities and charges whatsoever, thereafter to be demanded or demandable of or against the said sheriff, his heirs, executors or administrators, by reason of any misconduct or neglect of any kind whatsoever of the said Dodge in executing wrongfully, or neglecting to execute the office of deputy sheriff, and also for or by reason of any manner of nonfeasance or misfeasance or malconduct of the said deputy, and to indemnify and save harmless

the said sheriff and his legal representatives of and from all costs, charges and expenses which might accrue or be incurred in or about the execution of any process which might be delivered to him. It was found by the referee that on the 28th of December, 1877, an execution was delivered to said Dodge as deputy by the sheriff, which was issued upon a judgment in the Supreme Court, and which commanded the sheriff to collect the amount of the judgment from the defendant named therein. The deputy, on the same day, made a levy on certain goods as the property of the defendant named in the process, but which were claimed by his wife, and on the 7th day of January, 1878, sold them under the execution; that the sheriff was subsequently sued by the wife claiming to own the property thus sold, for a wrongful conversion of the same; that there was a recovery against him, and that he was compelled to pay, by reason of the act of his deputy, the sum of $985. To recover this sum and the interest thereon, the sheriff brought this action on the bond above described against the deputy and his sureties. The principal defense of the sureties was that they became discharged from the obligations of the bond on the 28th of November, 1877, in consequence of a notice in writing signed by McDermott, one of the sureties, and delivered to the under sheriff at the office of the sheriff on that day, to the effect that he declined to be surety for Dodge as deputy from and after that date. The case turns almost entirely upon the effect that should be given to this notice. During the progress of the litigation the sheriff died and his personal representatives were substituted in his place as plaintiffs. After the commencement of the action one of the sureties also died, and his personal representatives were substituted as defendants. The plaintiffs admit that the sureties on the bond in suit were discharged on the 5th of February, 1878, because on that day a new bond was delivered to the sheriff, bearing date December 1, 1877, and executed by one surety January 30, 1878, and by the other on the day of delivery. This bond was accepted by the sheriff in the place of the one in suit, for the purpose of enabling the deputy to continue in

his office, as well as to protect himself, but the levy and sale of the property, which subjected the sheriff to the damages sought to be recovered in this action, took place, as will be seen by reference to the dates, before the second bond was accepted. The defendants claim that the notice operated to discharge the sureties when it was served, and this view was adopted by the referee and he dismissed the complaint. The General Term reversed the judgment upon the ground, as appears from the opinion, that it was not served upon the sheriff; that the statute providing that every notice or paper which shall be required to be served on any sheriff may be served by leaving the same at the office designated by him, etc., had no application to this paper. (3 Rev. Stat. chap. 3, title 2, art. 2, § 56.)

The notice served by the surety in the manner stated was not an official paper, which was required by any law to be served on the sheriff as such. It related to a contract between himself and the obligors in the bond as individuals, and could have no operation by leaving it at the office or with the under sheriff until it came to the knowledge of the sheriff himself, or some one who had authority to receive and act upon it. There is evidence in the record, however, upon which the referee could have found that the paper came to the knowledge of the sheriff very soon after it was delivered to the under sheriff, and if the case turned upon the fact whether the sheriff had actual knowledge of the contents of the notice before the levy and sale by the deputy, it would be difficult to disturb the finding of the referee. The plaintiffs' counsel now admits that there was evidence given from which the referee could properly infer and find as he did; that the notice was served upon the sheriff on the 28th of November, 1877, as it must be regarded as served upon him when it came to his knowledge. The judgment of reversal cannot, therefore, be sustained upon the grounds stated in the opinion of the General Term. But the referee held that the notice served on the twenty-eighth of November became operative then to discharge the sureties. There are certain contracts of indemnity which may be terminated by a surety without the consent of the

creditor or the principal. It was said by Finch, J., in *Emery* v. *Baltz* (94 N. Y. 408), that "a surety bound for the fidelity and honesty of his principal, and so for an indefinite and contingent liability, and not for a sum fixed and certain to become due, may revoke and end his future liability in either of two cases, viz.: First, where the guaranteed contract has no definite time to run; and second, where the principal has so violated the contract, and is so in default that the creditor may safely and lawfully terminate it for that reason." The learned judge did not say, nor does the case hold, that the liability may be terminated by mere notice given by the surety at any time, and is not authority to sustain the proposition upon which the sureties in this case rely, namely, that their liability was terminated on the twenty-eighth of November, the day the notice was received.

Whether a surety upon a penal bond, conditioned upon the faithful performance of his duty, by a public officer like a deputy sheriff, can terminate his liability without the consent of the sheriff or the principal in the bond, or can become discharged without any new consideration, is a point that is not necessary to decide in this case. It is entirely safe to hold, however, that a notice by the surety, such as was served in this case, does not operate to discharge the sureties until a reasonable time has elapsed sufficient to enable the sheriff to give notice to the deputy and the other sureties, and to permit a new bond to be given. The official duties of the sheriff are performed to a very great extent through deputies appointed by him, and, for his own protection, they are required upon their appointment to give bonds to him for the faithful performance of their duties. It would greatly embarrass the sheriff in the performance of the important and responsible duties of his office if the sureties upon the bonds of his deputies could withdraw from them and terminate their liability at will. The business in the hands of the deputies might be in such a condition when the notice of the sureties is served upon him that he might be unable to arrest their action or terminate their power to subject him to liability by their acts done in his

name. Unless the sureties can be held by him to the liability which they assumed for at least a reasonable time after the notice, he may be subjected to liability of the gravest kind for the acts of others without any means of protection. That this responsibility cannot be thrown upon the sheriff by the sureties at will and upon notice merely, would seem to be clear upon principle, and is sustained by abundant authority. It is sufficient to cite the cases that sustain this proposition or some principle leading up to it without comment. (*Bostwick* v. *Van Voorhis*, 91 N. Y. 363; *Barnard* v. *Darling*, 11 Wend. 29; *Andrus* v. *Bealls*, 9 Cow. 693; *Hart* v. *Brady*, 1 Sandf. 626; *Hunt* v. *Roberts*, 45 N. Y. 691; *Burgess* v. *Eve*, L. R. [13 Eq.] 450; *Hough* v. *Warr*, 1 Carr & P. 151; *Hassell* v. *Long*, 2 Maule & Sel. 363, 370; *Calvert* v. *Gordon*, 3 Man. & Ryl. 124: DeColyar on Guaranties [2d ed.], p. 346; Fell on Guar. & Sur. [2d ed.] 530.)

What is a reasonable time in such cases is generally, though not always, a question of law. The facts from which the conclusion is to be drawn may be in dispute, or the inferences from conceded facts may not be certain, or the motives of a party may enter into the question. In such cases the court is warranted in submitting the case to the jury. (*Sullivan* v. *N. Y. & R. C. Co.*, 119 N. Y. 348.)

Had the defendants in this case elected to take a new trial, it is barely possible that some fact or circumstance might appear that would be sufficient to carry the case to the jury, but they have elected to stand upon the record as it is, and we cannot say as matter of law that the time that elapsed from the service of the notice to the time when the deputy made the wrongful levy that subjected the sheriff to liability, was unreasonable; and, therefore, we must hold that the sureties continued bound to him when the levy which fixed his liability was made. The sheriff did not change the situation by permitting the deputy to execute the process after the receipt of the notice. The under sheriff who acted for the sheriff in that respect notified the deputy that he could have no more new business till a new bond was given. The deputy had, prior to

the receipt of the execution in question, received other executions issued on other judgments against the same debtor, and the proof is that the last execution in such case was not, according to the practice and course of business at the office between the sheriff and the deputy, regarded as new business. It does not appear that this practice was known to the sureties; but even if it was not, and though the execution upon which the levy in question was made was, as to the sureties, new business, still, we think, that the sheriff, acting in the ordinary course of business and without any bad faith with respect to the sureties, could intrust such business to the deputy for a reasonable time after the notice without discharging his bond or any of the obligors thereon.

Our conclusion is that, while the grounds upon which the judgment on the report of the referee dismissing the complaint was reversed are not tenable, yet the result was right, for the reasons stated, and that the order of the General Term should be affirmed and judgment absolute ordered for the plaintiff, with costs.

All concur, except GRAY, J., dissenting, and MAYNARD, J., taking no part.

Order affirmed and judgment accordingly.