SINGER MANUFACTURING COMPANY v. J S. DRAUGHAN, et. al.

*Contract—Continuing Guaranty—Surety, Liability of—Revocation of Guaranty.*

A surety for the faithful performance of duty by an agent, in an obligation of the form called a "continuing guaranty," has the right to withdraw from such obligation by giving notice to the principal, and is not liable for any defaults of the agent in matters entrusted to him after the service of such notice.

CIVIL ACTION brought upon the bond of J. S. Draughan, agent of the plaintiff, The Singer Manufacturing Company, against said Draughan and his sureties J. J. Wade and H. A. Hodges, tried before *Adams, J.,* at February, 1897, Term of WAKE Superior Court, upon the pleadings and a referee's report.

A jury trial was demanded but was waived and His Honor found the facts by consent. Judgment was rendered for the plaintiff and the defendant, J. J. Wade, appealed.

*Mr. F. H. Busbee,* for J. J. Wade (appellant).
No counsel *contra.*

FURCHES, J.: The defendant Draughan was the agent of the plaintiff for selling its machines, and as such agent he

entered into a written undertaking for the faithful performance of his contract, in accounting for and paying over to the plaintiff all monies collected by him under said agency, with the defendant Wade, as his surety.

This undertaking is called a continuing guaranty in which the following language is used: "The condition of the above obligation, which is expressly intended as a continuing guaranty", and bears date the 3rd day of July, 1890. On March 4th, 1893, the defendant Wade notified the plaintiff by letter that he would not be responsible as surety of defendant Draughan after the receipt of this letter by the plaintiff. It was admitted by the plaintiff that it received this letter, to which it made no reply.

The plaintiff complained for a breach of this undertaking, and the defendant Wade answered admitting that he signed the contract sued on and that he was liable for such breaches as had occurred before the receipt of his letter of the 4th of March, 1893, but denied that he was liable for any breach committed by the agent Draughan since that time.

The matter was referred to Alexander Stronach to take and state an account of this agency. Stronach took the account, and reported that Draughan was indebted to the plaintiff on account of said agency in the sum of $444.62 with interest on the same at the rate of 6 per cent. from the 10th day of October, 1893, to-wit, $86.68, and the costs of this action to be taxed by the clerk", and the referee was allowed $25, to be taxed as costs. The referee does not find what part of this sum of $444.62 arose from breach before the receipt of the letter of the 4th of March, 1893, nor does he find when said letter was received by the plaintiff, but it was admitted on the trial that a large part of the sum found due the plaintiff arose from transactions after the receipt of that letter. The defendant Wade excepted to the report of

the referee, and alleged that he was only liable for that part which accrued before the plaintiff received his letter of the 4th of March, 1893. But the court was of a different opinion and gave judgment against the defendant Wade for the whole amount. In this there is error.

This undertaking was a "continuing guaranty" for the faithful discharge of duty, by the plaintiff's agent Draughan. The plaintiff could have discharged Draughan at any time, or could have refused to furnish him any more machines. And if plaintiff continued him in its employment and furnished him with other machines after it received the defendant Wade's letter, saying that he would not be longer liable for Draughan's agency, it did so at its own risk. 1 Parson's Contracts, 517 (3rd Edition); "Revocation of Guaranty"; *Bostwick* v. *Van Vorhis*, 91 N. Y.,353; *La Rose* v. *Bank*, 102 Indiana, 332. These cases cited from New York and Indiana sustain the principle enunciated in Parson's, *supra.*, though, as they relate to bank cashiers, it was held that the notice of the withdrawal of the surety could not be allowed to take effect until the cashier had a reasonable time to get other sureties. This distinction was put on the ground of public policy, as the bank was a public institution. But no such reason applies in this case.

This case falls under that of the *Howe Machine Co.* v. *Farrington*, 82 N. Y., 121, which is very much like this. The defendant Wade must be held liable to the plaintiff for all machines or monies arising from the sale of machines that went into the hands of the agent Draughan before the plaintiff received the defendant Wade's letter of the 4th of March, 1893, but not for those furnished him after that date. There is a distinction between future liabilities and a suretyship for a debt where the consideration has passed. But this distinction we do not discuss in this opinion.

For the error pointed out, the case should be recommitted

to the referee with instructions to ascertain the date of the receipt of the letter of defendant Wade of the 4th of March, 1893, revoking his suretyship for the agent Draughan, and the amount for which Draughan is liable to the plaintiff upon machines furnished him before the receipt of the said letter.

Error.