(58 App. Div. 422.)

### WYSONG et al. v. MEYER.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

1. MORTGAGES—DEFICIENCY—JUDGMENT—PRINCIPAL AND SURETY.
    Defendant purchased property subject to a mortgage, and a subsequent foreclosure suit was settled by the execution of a bond by her conditioned to pay the amount due, which recited that it was given as collateral security to the mortgage and debt secured thereby. Thereafter she sold the property, and the mortgagees released a claim against a street railway for damages to the property without her knowledge. *Held*, that defendant was liable as principal on such bond even if it was collateral in form, and hence the release to the railroad company would not prevent the rendition of a deficiency judgment against her on the foreclosure of the mortgage.

2. SAME—COMPLAINT.
    An allegation in a complaint, describing a bond, that it was further expressed that said bond was given as collateral security, is not an allegation that its legal effect was to render the defendant only liable as surety, and hence will not prevent the mortgagee from insisting that defendant is liable as principal, and not released from liability by the execution of the release to the railroad company.

Appeal from special term, New York county.

Suit by John J. Wysong and others, as trustees, against Jessie Meyer and others. From a judgment in favor of plaintiffs, defendant Jessie Meyer appeals. Affirmed.

The action is for the foreclosure of a mortgage. On May 31, 1889, the defendant Jessie Meyer, the appellant herein, being then the owner of certain premises in the city of New York, executed a deed thereof to John Heyman. On the same day, Heyman, to secure a loan of $55,000, executed a bond conditioned for the payment of said sum, and, as security for the payment of the same, made, executed, duly acknowledged, and delivered the mortgage in question, and on the same day executed a deed back to Jessie Meyer, subject to the mortgage. In 1893, Jessie Meyer paid $11,000 on account of the mortgage debt, thus reducing the same to $44,000, and received a release of a portion of the mortgaged premises. In 1894 an action was brought to foreclose the mortgage, and Jessie Meyer, as owner of the property, was made a party defendant. Upon her solicitation, the action was settled and discontinued,

she paying the costs and interest, and, as a further consideration for such settlement and discontinuance, she executed and delivered her bond, dated February 2, 1895, conditioned for the payment of said sum of $44,000 and the interest thereon, in which it was recited that "the above obligation is given by the said Jessie Meyer as a collateral security, and to secure a certain bond and mortgage collateral thereto made by John Heyman," etc.; referring to the bond and mortgage in question. By deed dated January 31, 1895, Jessie Meyer conveyed the mortgaged premises to one Lieb, which deed was recorded February 4, 1895. Lieb gave back to Jessie Meyer an option to repurchase the property, and thereafter reconveyed the premises to her, and she was the owner when the present action was brought. When the mortgage was made the Elevated Railroad Company was operating its railroad in front of the premises on Second avenue in the same manner as it is now; and in July, 1898, Lieb, still holding the record title to the mortgaged premises, settled with the railroad company all his claim for damages to his easements of light, air, and access occasioned by its occupation of the street, receiving as consideration the sum of $540, $300 of which was paid to the mortgagees for their consent, which the railroad company insisted upon having. It is conceded that the plaintiffs were entitled to judgment of foreclosure and sale, but it is contended that they were not entitled to a judgment against the appellant for deficiency, on the ground that she was but a surety for the mortgage debt, that the release executed by the owner was without her knowledge or consent, and that thereby she became discharged from all liability on her bond. The court below decided that, conceding the liability of Jessie Meyer to be that of surety,—without so deciding,—she could claim a release only to the extent to which the security was impaired, and that, as there had been no impairment, her liability remained unchanged. The usual judgment of foreclosure and sale was entered, charging the defendant Meyer with any deficiency arising on the sale, and from such judgment this appeal is taken.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Wales F. Severance, for appellant.

Henry F. Miller, for respondents.

HATCH, J.   As we view this case, the vital question for our determination is the legal effect of the bond executed by the appellant, Jessie Meyer, to procure the discontinuance of the foreclosure action. Is her liability that of principal debtor or merely that of surety? The solution must be found in the construction of the instrument. In construing the bond, it was proper for the court to receive evidence of the surrounding circumstances, the pre-existing relations between the parties, and the facts and knowledge which each had of them. Griffiths v. Hardenbergh, 41 N. Y. 464. The doctrine of strictissimi juris does not apply to the construction of such a contract, but to the liability incurred where suretyship is found to exist. Smith v. Molleson, 148 N. Y. 241, 42 N. E. 669; Gamble v. Cuneo, 21 App. Div. 413, 47 N. Y. Supp. 548.

Considering the circumstances surrounding the transaction out of which appellant's liability arose, we find that on May 31, 1889, Jessie Meyer, the appellant, conveyed the premises in question to John Heyman, who on the same day executed the mortgage upon which this action is brought; that after the execution of the mortgage, and on the same day, said mortgagor conveyed the mortgaged premises back to Jessie Meyer, subject to the mortgage, she not assuming its payment. By this transaction the land became the primary fund for the payment of the debt, and in respect thereto, and to the extent of the

value of the land, the grantee, Jessie Meyer, became the principal debtor, and the grantor had an equity similar to that of surety. Murray v. Marshall, 94 N. Y. 611; Spencer v. Spencer, 95 N. Y. 353. While Jessie Meyer occupied this relation to the premises and the mortgage debt, and after she had paid $11,000 on the mortgage debt, an action was commenced by these plaintiffs to foreclose the mortgage, to which action she was made a party defendant as owner of the premises. A notice of pendency was filed, and the action proceeded to the appointment of a referee to compute the amount due on the mortgage, when the appellant desired to settle the action and have it discontinued. As a condition to such settlement and discontinuance, the plaintiffs demanded that she pay the costs and interest, and execute her bond for the unpaid principal of the mortgage debt; all of which she did, and the action was thereupon discontinued, and the lis pendens canceled.

It seems very clear, both upon principle and authority, that the result of these transactions was to make the appellant the principal debtor, and not a surety for the debt. By the settlement of the litigation, the loss of the appellant's interest in the property was averted, and the forbearance of foreclosure proceedings furnished a new consideration, passing to her for a contract which she made for her own benefit. Prime v. Koehler, 77 N. Y. 91. This conclusion is strengthened by the fact that, as a result of the conveyance from the mortgagor to Jessie Meyer, Heyman became secondarily liable as surety, and Meyer the principal debtor to the extent of the value of the land. How, then, could she, by this transaction, be made surety for the mortgage debt?

The appellant, however, contends that the plaintiffs are bound by the recitals in the bond and the allegations of the complaint, and that the court is constrained to hold that her obligation is that of surety on account thereof. The bond contained the following provision: "It being understood that the above obligation is given by the said Jessie Meyer as collateral security, and to secure a certain bond and mortgage collateral thereto, made by John Heyman to James P. Kernochan and John Wysong, trustees, to secure the sum of fifty-five thousand dollars (eleven thousand dollars of which has been paid)," etc. But if it be held that this provision makes the obligation in form collateral, which is by no means clear, it does not follow that it must be so construed as to its legal effect. It is well settled that promises which are in form collateral are in reality original when founded upon a new and independent consideration, and when the promisor receives the benefit, and will be so construed. Kernochan v. Murray, 111 N. Y. 306, 18 N. E. 868, 2 L. R. A. 183; Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516; Clark v. Howard, 150 N. Y. 232, 44 N. E. 695; Insurance Co. v. Hall, 31 App. Div. 574, 52 N. Y. Supp. 404, affirmed in court of appeals, 59 N. E. 1127. We cannot agree with the contention that the complaint alleges that the contract of the appellant was that of surety, or that the bond was given as collateral security. The language laid hold of for the purpose of sustaining this argument occurs in a paragraph of the complaint setting forth the giving of the bond and its conditions, without quoting from it, and is as follows:

"It being further expressed that said bond was given as collateral security, and to secure the said bond and mortgage hereinabove described." This comes very far short of an allegation that the obligation of the person executing the instrument is collateral. It is not even an allegation of the legal effect of the instrument, but amounts to no more than if the pleader had set forth a copy of it. We reach the conclusion, therefore, that the obligation of Jessie Meyer, the appellant, created by the bond in question, was not that of a surety, but that the agreement was an original promise. The situation is substantially the same as if she had assumed the payment of the bond and mortgage, and it is settled that when the grantee assumes the payment of a mortgage he becomes primarily liable. As we find no reversible error in the rulings of the court to which exceptions have been taken, the considerations we have expressed lead to an affirmance of the judgment, and we need not discuss the effect of the release or the other questions raised by the appellant.

The judgment should be affirmed, with costs to the respondent.

VAN BRUNT, P. J., and PATTERSON and INGRAHAM, JJ., concur; RUMSEY, J., in result.