(56 Misc. Rep. 656.)

JEFFERSON BANK v. STARR et al.

(Supreme Court, Appellate Term. December 12, 1907.)

1. FRAUDS, STATUTE OF—PROMISE TO ANSWER DEBT OF ANOTHER—ORIGINAL PROMISE.

Indorsers of a note, having received and indorsed a check from the maker for its payment, on finding that he had not sufficient funds in bank to pay the check, promised the bank that if it would honor the check they would procure the assignment to the bank of accounts due the maker, the payment of which they would guarantee. The check was paid on the transfer of the accounts to the bank without the signature of the maker, the indorsers promising to procure his signature when he should recover from an illness. The maker repudiated the whole transaction as unauthorized by him, and collected the accounts. Held, that the guaranty of the indorsers of the payment of the accounts was not a promise to answer for the debt of another, within the statute of frauds, but an original promise, valid without writing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, §§ 52, 53.]

2. SAME—PROMISE ON INDEPENDENT CONSIDERATION—BENEFIT TO PROMISSOR.

Promises in form collateral are, in reality, original when founded upon a new and independent consideration, and when the promissor receives the benefit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 50.]

3. ASSIGNMENTS—TRANSFER OF ACCOUNTS—UNAUTHORIZED DELIVERY.

Delivery of accounts of a debtor to a bank by indorsers of a check of the debtor, in consideration of the bank paying the check, though it had not sufficient funds of the debtor therefor, is not an assignment of the accounts, where it does not appear that such delivery was authorized by or known to the debtor, and he afterward repudiated the whole transaction.

Appeal from City Court of New York, Trial Term.

Action by the Jefferson Bank against Nathan Starr and Robert Starr

on a guaranty of payment of assigned accounts. From a judgment for plaintiff and an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Mandelbaum Brothers (B. F. Einstein, of counsel), for appellants. Max D. Steuer, for respondent.

BRUCE, J. The defendants were indorsers upon, and had procured the discount, by the German Exchange Bank, of a promissory note of one Aronowsky, their brother-in-law. When the note became due Aronowsky gave the defendants his check upon the plaintiff bank, where he kept an account under the name of the Empire Belt & Purse Company, for $1,000 to take up the note. The defendants indorsed this check, and delivered it to the German Exchange Bank. It reached the plaintiff bank through the clearing house on March 10, 1903, at about 11:30 a. m. Devlin, plaintiff's cashier, finding that Aronowsky did not have sufficient funds to meet the check, sent word to Aronowsky's place of business of the receipt of the check and the condition of his account. Devlin testified that shortly afterwards one Liebowitz, a bookkeeper of the defendants, came to the bank and stated that the defendants were very anxious to have the check paid "because they did not wish it to come back to their bank," and promised that if the plaintiff would honor the check the defendants would within a day or two procure the assignment to the plaintiff of certain outstanding accounts due Aronowsky, the payment of which the defendants would guarantee. Devlin, after consulting with Radt, the vice president of the plaintiff, told Liebowitz that if he would bring before 2 p. m. what the plaintiff considered satisfactory accounts, it would pay the check. He returned before 2 p. m. with a number of "bills and shipping receipts," which he delivered to the cashier, and after they had been examined the check was paid. Liebowitz stated that Aronowsky was ill, and that they could not then get his signature to make the proper assignment of the accounts, but that the plaintiff need not worry as the defendants were behind it, and that as soon as Aronowsky was better they would procure "his signature to the accounts." This was never done. Aronowsky later repudiated the whole transaction, and said that he had never authorized it, that it was all the work of the defendants, and that the plaintiff bank must look to them. He collected the accounts, and later went into bankruptcy. He continued his account with the plaintiff until April 1, 1903. After March 10th it was continuously overdrawn. On the 16th the overdraft was reduced to $181.99, but when the account was closed on April 1st it amounted to $908, for which amount the plaintiff obtained judgment below. The plaintiff subsequently brought suit against Aronowsky to recover the balance, but Aronowsky went into bankruptcy and the action was abandoned. Devlin, the cashier, was corroborated by Radt, the vice president. Liebowitz, however, contradicted both as to what occurred at the time the check was paid.

The principal defense relied upon by the defendants was that the "agreement, promise, or undertaking" of the defendants, if there was any, "is a special promise to answer for the debt, default, or miscar-

riage of another person," and therefore void under the statute of frauds. The trial justice decided that this was an original undertaking of the defendants, and I think his decision was correct. Aronowsky received no benefit from the honoring of the check, except a substitution of creditors. If the check had not been honored, he would have been indebted to these defendants. By the honoring of the check, he became indebted to the plaintiff. All the benefit of the transaction accrued to the defendants. Furthermore, the undertaking of the defendants was not to make good the $1,000 if Aronowsky did not, but was to procure the assignment to the plaintiff of certain accounts due to Aronowsky, and to guarantee these accounts, and in the event that they failed to do this, to pay the amount of the check. Aronowsky was not obligated to assign the accounts, even if the bank did honor his check. In that event his obligation was to pay $1,000, an entirely different thing. "It is well settled that promises which are in form collateral are, in reality, original, when founded upon a new and independent consideration, and when the promisor receives the benefit and will be held to be so construed." Wysong v. Meyer, 58 App. Div. 422, 426, 69 N. Y. Supp. 286; Raabe v. Squier, 148 N. Y. 81, 42 N. E. 516; Clark v. Howard, 150 N. Y. 232, 44 N. E. 695.

The court submitted to the jury the question whether or not Liebowitz was the duly authorized agent of the defendants in the transaction, and also whether or not this money was advanced by the plaintiff upon the undertaking of the defendants that these accounts would be assigned to the bank by Aronowsky within a few days. The jury determined each of these questions in the affirmative. The appellants urge that the delivery of the accounts constituted an assignment thereof. There is, however, no evidence tending to show that Aronowsky at the time either authorized or had knowledge of their delivery. On the other hand, he later told to the plaintiff's cashier that the transaction was wholly without his knowledge, and was altogether that of the defendants.

Judgment affirmed, with costs. All concur.