H. C. RICKETSON *v.* DANIEL LIZOTTE AND ELIZABETH LIZOTTE.

November Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Suretyship—Guaranty—Continuing Guaranty—Revocation prior to Breach—Notice to Obligee—When Revocation Becomes Effective.*

A guarantor is one who undertakes by a separate and independent agreement that another person shall perform a duty which such other person owes to a third person.

A surety is one who joins with another person in agreeing that such other person shall perform the duty he undertakes.

The joint and several obligation of persons designated as principal and sureties is always and necessarily a contract of suretyship, unless the undertakings of the obligors are separated and distinguished by some special provisions inconsistent with the general character of the instrument.

A continuing guaranty is one which is not limited to a single transaction, but which contemplates a future course of dealing covering a series of transactions, as to which the guarantor has not bound himself for a definite period, and the consideration for which is divisible.

A continuing guaranty may be revoked by the guarantor at any time when the promise creates no obligation, but is in the nature of a proposal, by giving proper notice to the guarantee.

The final test of a continuing guaranty is the nature of the consideration. Where no consideration moves to the guarantor, and the guaranty is for advances to be made by the guarantee to another, the guaranty is divisible and becomes irrevocable as to each advance when and only when the advance is made. But where the consideration is entire and fully executed, there can be no revocation.

The undertaking of the sureties in a bond conditioned that the principal shall faithfully discharge his duties as the obligee's clerk, salesman and collector, and account for all money and property of the obligee coming into his possession and control, is in the

nature of a continuing guaranty, and the obligation may be terminated, as to any future liability, by giving notice of revocation to the obligee.

In such case the revocation will not become effective until a reasonable time has elapsed, after the giving of the notice, so that the obligee may have opportunity to protect himself by preventing further collections by the principal.

COVENANT, on a bond under seal. Plea, the general issue. Trial by court at the March Term, 1914, Chittenden County, *Fish*, J., presiding. Judgment for the plaintiff. Both parties excepted. The opinion states the case.

*John J. Enright* and *Guy M. Page* for the defendants.

The bond was continuing in its nature and unlimited as to time. Hence, the sureties could terminate their liability as to future transactions, by notice to the obligee. *Metropolitan Washing Machine Co.* v. *Morris & Butterfield,* 39 Vt. 393; *White Sewing Machine Company* v. *Courtney,* 141 Cal. 674, 75 Pac. 296; *Gay* v. *Ward,* 67 Conn. 147; *Mamerow* v. *National Lead Company,* 206 Ill. 626, 69 N. E. 504, 99 Am. St. Rep. 196; *Conduit* v. *Ryan,* 3 Ind. App. 1; *White Sewing Machine Company* v. *Powell,* 25 Ky. L. R. 94, 74 S. W. 746; *Jeudevine* v. *Rose,* 36 Mich. 54; *Singer Mfg. Co.* v. *Draughan,* 121 N. C. 88, 61 Am. St. Rep. 657; *Gross* v. *Gross,* 83 N. J. L. 430, 84 Atl. 1064; *Emery* v. *Baltz,* 94 N. Y. 408, 414; *Picker* v. *Fitzell,* 60 N. Y. App. Div. 451, 69 N. Y. Sup. 902; *National Eagle Bank* v. *Hunt,* 16 R. I. 148; *Teschler* v. *Hofheimer,* 83 Va. 35; *Offord* v. *Davis,* 12 C. B. (N. S.) 748, 104 E. C. L. 748; *Jordan* v. *Dobbins,* 122 Mass. 168; *Hylands* v. *Halich,* 150 Mass. 112; Pingree on Suretyship and Guaranty, Sec. 367; Halsbury's Laws of England, Vol. 15, p. 572, Sec. 1669, 14 Am. & Eng. Ency. of Law, (2 ed.) 1160  and note; 32 Cyc. 85.

*Max L. Powell* for the plaintiff.

There can be no termination of suretyship so as to protect a surety from further default until there has been a breach of the engagement of the principal, and that breach is known to both the obligee and the surety. *Saint* v. *Wheeler & Wilson Mfg.*

*Co.,* 36 Am. St. Rep. 214; *Hunt* v. *Roberts,* 45 N. Y. 696; *Mc-Kecknie* v. *Ward,* 58 N. Y. 551; *Greenawalt* v. *Kreider,* 45 Am. Dec. 639; *Lewiston* v. *Gage,* 56 Am. St. Rep. 432; 32 Cyc. pp. 85, 86 and cas. cit.

MUNSON, C. J. The defendants are sued as sureties of John Lizotte on a bond executed to the plaintiff, and conditioned that the principal should faithfully discharge his duties as the obligee's clerk, salesman and collector, and account for all moneys and property coming into his possession and control. The case describes John Lizotte as a commercial traveller and a son of the defendants.

The case was tried by the court. The findings reported are based on a statement of account running from June 9, 1911 to July 27, 1912. The bond bears date July 26, 1911. A letter notifying the plaintiff that the sureties would no longer hold themselves liable on the bond was written March 14, 1912, and was received by the plaintiff soon after. The court took a balance of the debit and credit items from the date of the bond to the receipt of the letter, and found then due the plaintiff $12.62. Following the statement to a designated item on the debit side, entered under date of July 27, 1912, the court found the balance due the plaintiff to be $125.01. The court entered judgment for the latter sum, and the defendants excepted, claiming that it should have been for the smaller sum. The plaintiff also excepted, claiming that the judgment should have been for a larger amount.

It is necessary to determine the character of the defendants' obligation before proceeding further. The defendants claim that they cannot be held liable for anything that occurred after their notice was received, and cite indiscriminately in support of their claim cases of guaranty and cases of suretyship. The plaintiff treats the case as one of suretyship, and relies upon the proposition, sustained by many authorities, that a surety cannot, before a breach, terminate the suretyship by his own act, and thus relieve himself from future defaults of his principal.

A guarantor is one who undertakes by a separate and independent agreement that another person shall perform a duty which he owes to a third person. A surety is one who joins with another person in agreeing that such other person shall perform the duty he undertakes. The joint and several obligation of

persons designated as principal and sureties is always and neces-
sarily a contract of suretyship, unless the undertakings of the
obligors are separated and distinguished by some special provi-
sion inconsistent with the general character of the instrument.
The obligation in suit here is in form and designation, and by
the terms of the undertaking, a contract of suretyship. The per-
formance of the principal's duty is the thing contracted for, but
all the parties are directly and primarily holden for that per-
formance. So the effect of the defendants' letter of revocation
must be determined by the rules applicable to sureties.

The authorities on suretyship and guaranty contain some
apparently inconsistent statements regarding the right of re-
vocation, most of which can probably be reconciled by some classi-
fication of the cases. It is said that a surety cannot ordinarily
relieve himself from future liability by a notice to the creditor
previous to a default of his principal. 27 Ency. Law 447, 1
Brandt on Suretyship and Guaranty (3d ed.) §150; Pingrey on
Suretyship and Guaranty (2d ed.) §87. Indeed, it has been
stated, without recognition of exception, that the obligation of a
surety, when not limited by express stipulation, is an absolute
contract, which becomes binding by delivery, and cannot be
terminated by notice. *Saint* v. *Wheeler, etc., Mfg. Co.,* 95 Ala.
362, 10 South. 539, 36 Am. St. Rep. 210. On the other hand,
it is said that a surety whose period of liability is not fixed can
terminate his liability by giving the obligee notice that he will
not be bound longer. Pingrey on Suretyship and Guaranty (2d
ed.) §87; 11 Ann. Cas. 272, note; *Jeudevine* v. *Rose,* 36 Mich. 54.
It appears that this is so in England as to simple contracts, but
not as to obligations under seal. 3 Add. Con. Mor. Ed. 134.

Statements regarding guaranties are ordinarily so limited
or connected as to indicate their proper application. It is said
that a guaranty may be revoked at any time when the promise
creates no obligation, but is in the nature of a proposal; that if
the guaranty is in form continuing the guarantor may withdraw
therefrom by a proper notice; that the law writes into a continu-
ing guaranty, unless forbidden by its terms, a power to revoke it
upon notice. Pingrey on Suretyship and Guaranty (2d ed.)
§87; 20 Cyc. 1479; 1 Brandt on Suretyship and Guaranty, §184;
*Gay* v. *Ward,* 67 Conn. 147, 34 Atl. 1025, 32 L. R. A. 818.
These statements point to a class of undertakings designated
as continuing guaranties; and the close relation between guar-

anty and suretyship suggests an inquiry as to the nature of a continuing guaranty and the ground on which such guaranties are held to be revocable.

A continuing guaranty is one which is not limited to a single transaction, but which contemplates a future course of dealing covering a series of transactions, as to which the guarantor has not bound himself for a definite period, and the consideration for which is divisible. See 14 Ency. Law 1159; 12 R. C. L. 1061; 4 Ann. Cas. 822, note; *Aitken* v. *Lang,* 106 Ky. 652, 51 S. W. 154, 90 Am. St. Rep. 263; *Singer Mfg. Co.* v. *Draughan,* 121 N. C. 88, 28 S. E. 136, 61 Am. St. Rep. 657; *Jordan* v. *Dobbins,* 122 Mass. 168, 23 Am. Rep. 305. As the term is used in making this classification the final test is the nature of the consideration. Where there is no consideration moving to the guarantor, and the guaranty is for advances to be made from time to time by the guarantee to another, the guaranty is divisible as to each advance, and ripens as to each advance into an irrevocable promise or guaranty when, and only when, the advance is made. 14 Ency. Law 1159; 12 R. C. L. 1088. But where the consideration is not to arise from the future successive acts of the guarantee, but is entire and fully executed, there can be no revocation; for in such case the guarantor is under a subsisting contract obligation from which he cannot relieve himself by his own act. 20 Cyc. 1479; *Kernochan* v. *Murray,* 111 N. Y. 306, 18 N. E. 868, 2 L. R. A. 183, 7 Am. St. Rep. 744.

It is considered by some writers that when the obligation of a surety is like the undertaking of a continuing guarantor there is the same power of revocation. It is said that if the consideration for the surety's contract is executory—if his liability is to arise or be increased by future acts of the obligee—and no time has been prescribed in the contract, the surety can terminate his liability by giving the obligee notice. 32 Cyc. 85. It is said in *Emery* v. *Baltz,* 94 N. Y. 408, that a surety who is bound for the fidelity and honesty of his principal, and so for an indefinite and contingent liability, and not for a sum fixed and certain to become due, may revoke and end his future liability when the guaranteed contract has no definite time to run. That this refers to action taken before a breach is evident from a further clause of the opinion. The only reason for excluding sureties from the relief of revocation as applied in cases of guaranty seems to lie in the fact that a surety's contract is

ordinarily under seal and that a seal imports a present considera-
tion. See note (U. S.) 6 L. ed. 712.

The right to withdraw from an obligation of suretyship is
sometimes given by statute and sometimes reserved in the instru-
ment creating it. As we have seen, there are authorities which
hold that this right exists in cases of continuing obligation, in-
dependent of such provision; while the right to terminate a con-
tinuing guaranty is fully established. Continuing undertakings
for the faithful conduct and accounting of employees and agents,
entered into by way of suretyship and guaranty, have consti-
tuted an important field for the application of this rule; and
in cases of this class, where the right has stood on one or the
other of the above grounds, it has been held that a notice to
terminate the obligation does not necessarily take effect at the
moment it is received, but takes effect in a reasonable time,
which is to be determined with reference to the nature of the
employment and the special circumstances of the case. 32 Cyc.
86; 1 Brandt on Suretyship and Guaranty, §153; Pingrey on
Suretyship and Guaranty, §87; *LaRose* v. *Logansport N. Bk.*,
102 Ind. 332, 1 N. E. 805; *Bostwick* v. *Van Voorhis*, 91 N. Y.
353; *Reilly* v. *Dodge*, 131 N. Y. 153, 29 N. E. 1011.

We see no reason why the rule which prevails in cases of
continuing guaranty should not be applied here. The under-
taking of the sureties is in the nature of a guaranty. The con-
tract contemplates the obligee's continuance of the principal in
his employment, but there is no agreement to do this. The con-
sideration arises as the employment continues and collections
are made. The comment sometimes made, that the distinction
between suretyship and guaranty is shadowy and technical, is
certainly applicable here. The fact that a seal imports some
consideration can hardly be taken to deprive the instrument of
the effect it would have had if executed without the seals. So
the defendants' letter of revocation is to be given some effect.

This is the case of a travelling salesman having an authority
to collect, whose breach of the condition was likely to consist in
receiving payment and failing to report. Here, the obligee's
duty, other than in stopping advances, would lie in stopping the
making of collections. The accomplishment of this might re-
quire communications involving some delay. A faithful ac-
counting for receipts was the specific requirement of the condi-
tion. The sureties must be presumed to have known of the

nature of the risk they were assuming, and to have contemplated a continuing liability for the time necessary to prevent further collections. This brings us to a further consideration of the case presented for our decision.

The case is silent as to the time when the condition of the obligation was broken, and the time when the breach came to the knowledge of either the obligee or the sureties. The only aid we have in considering the judgment is that derived from an inspection of the account from which the footings and balance of the court were arrived at. This shows twenty-five items of charge, bearing dates commencing twelve days after the date of the letter, all but one in the months of May, June and July, mostly grouped under a single date in each month, which have following the item charged a memorandum date, eight of which are previous to the date of the letter and the rest subsequent to it. Three of the items early in the list have the further memorandum "not rept." It may be supposed that some evidence was introduced explanatory of the account, but no facts are found from such evidence.

The judgment was evidently rendered on the theory that the defendants could not terminate their liability by notice prior to a breach. It cannot stand otherwise than upon this ground, and this ground we consider untenable. So the judgment must be reversed. But the defendants were not entitled to have their liability confined to embezzlements occurring before the receipt of their letter, if the plaintiff suffered further losses despite diligent efforts to protect himself. If judgment had been rendered for the smaller sum it might have been sustained by an inference of findings not reported, but as the matter is left the case must be sent back for a new trial.

*Judgment reversed and cause remanded.*