(23 App. Div. 48.)

MILLER et al. v. HAHN.

(Supreme Court, Appellate Division, Second Department.   December 7, 1897.)

DAMAGES—BREACH OF CONTRACT.
   At the trial of an action to recover damages alleged to have resulted from defendant's preventing the plaintiffs from completing their contract to furnish him with brownstone stoops for certain houses, the judge charged the jury, under defendant's specific objections, that, if any work was done on the stone, and the stone was rendered useless, plaintiffs were entitled to damages on that account, as well as for loss of profits.   There was no evidence that any stone had been rendered useless.   *Held*, that the measure of damages should have been confined to lost profits, and that the charge as it stood was erroneous.

Appeal from trial term, Kings county.
Action by George A. Miller and Robert Miller, Jr., against Albert G. C. Hahn.   From a judgment in favor of plaintiffs, and from an order denying a motion for a new trial, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James Troy (Thomas H. Troy, on the brief), for appellant.
William J. Courtney, for respondents.

WILLARD BARTLETT, J. This action was brought to recover $2,000 damages, alleged to have been sustained by the plaintiffs by reason of having been prevented from completing a contract which they had made with the defendant to furnish five brownstone stoops for five houses belonging to the defendant, in the city of Brooklyn. The answer contained a general denial, and an affirmative defense to the effect that the parties had negotiated for the building of certain stoops, but were unable to come to an agreement in regard to the same, and that no work was performed or material furnished by the plaintiffs under any such agreement. Upon these issues the case went to trial. The proof was conflicting, but there is sufficient evidence in the record to sustain a verdict for the plaintiffs in some amount. The measure of damages, however, should have been confined to the profits of which the plaintiffs were deprived in consequence of having been prevented from carrying out the contract. The profits thus lost were estimated by one of the plaintiffs at $125 for each stoop; or $625 in all. But the learned trial judge instructed the jury that, if any work was done upon the stone for the stoops, and the stone was rendered useless, the plaintiffs were also entitled to recover damages on that account, in addition to the amount of profits which they might have made upon the execution of the contract. To this instruction an exception was taken in behalf of the defendant, and his counsel expressly called the attention of the court to the point that there was no evidence to show that the stone had been rendered worthless, or lessened in value, and hence insisted that there was no question to be submitted on that branch of the case. The learned court nevertheless left the matter to the jury. I think this was an error for which we must reverse the judgment. The proof in behalf of the plaintiffs undoubtedly did tend to show that the sides of all five stoops and a few steps were cut, and that a part of the work was delivered at the defendant's houses, and subsequently taken back again to the plaintiffs' premises. I am unable to find any testimony, however, sufficient to sustain a finding that this stone, or any of it, had been rendered useless. The strongest statement on the subject is that of one of the plaintiffs, who, when asked upon cross-examination whether the materials had not been used for other stoops and other buildings, responded, "No, sir; the stone is there to-day, covered up, rotted, worn, weather worn and beaten." While this indicates, of course, that the stone had deteriorated since it was prepared for the stoops, it is very far from showing that it had been rendered valueless. In the brief for the respondents it is argued that the counsel for the defendant was precluded from objecting at the end of the case that there was no evidence to show that the stone had been rendered worthless because he himself had stated, in the course of the trial, that he was not going to offer any evidence as to the value of stoop ashlar. It is not perceived how this statement had any bearing upon the question whether the stone, after the plaintiffs' labor had been expended upon it in preparing it for the

stoops, had become useless for any other purpose. If we were able to say that the jury allowed nothing to the plaintiffs on account of the loss of the stone, and that their award represented only the plaintiffs' loss of profits, it might be possible to sustain the verdict. But we cannot be sure of this, and the emphasis given to this branch of the plaintiffs' claim just before the case was submitted to the jury renders it exceedingly probable that the damages were augmented, because the jury were allowed to act upon the erroneous assumption that there was proof that the stone had been rendered useless.

The judgment should be reversed. All concur.