(61 Misc. Rep. 64.)

GOLDSTEIN et al. v. GODFREY CO.

(Supreme Court, Appellate Term.   November 30, 1908.)

1. DAMAGES (§ 124*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.

Where a plaintiff sues for breach of the contract, and not for the work actually done under it, the measure of damages is ordinarily the difference between the price agreed to be paid for the work, and what it would cost to complete it.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 326–338; Dec. Dig. § 124.*]

2. DAMAGES (§ 124*) — BREACH OF CONTRACT — PREVENTION OF PERFORMANCE— MEASURE OF DAMAGES.

In an action for breach of contract to make and install fixtures because the owner stopped the work, the measure of the contractor's damages is the actual loss sustained to him by taking into consideration the loss in value of the materials used at the time the work was stopped and the profits which he would have made had he been allowed to complete the work.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 326–338; Dec. Dig. § 124.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isaac Goldstein and another against the Godfrey Company. From a judgment of the Municipal Court in favor of plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Walter E. Godfrey (Henry Best, of counsel), for appellant.
Herman Kahn, for respondents.

PER CURIAM. On September 6, 1907, the plaintiffs contracted
with the defendant to make and install in a store, intended to be used
as a family liquor store at Ninth avenue in this city, certain fixtures,
at an agreed price of $218, and, if the work was completed by Septem-
ber 19th, the price was to be $225. Some days after the plaintiffs be-
gan work, they were ordered by the defendant to stop; the reason as-
signed by the plaintiffs being that the defendant was having trouble
in obtaining a liquor license, and the defendant claiming that the
cause of the stoppage of work by him was that the shelving was be-
ing put in with nails and not in grooves. Upon this question the
court below found for the plaintiffs and gave a judgment for the plain-
tiffs in the sum of $200. The sum of $25 had been paid by the de-
fendant to apply upon the contract price.

It will be seen that the court below gave judgment for the full con-
tract price. This was error. The contract, concededly, had not been
fully completed, when the defendant ordered the stoppage of the work.
In a case where the plaintiff sues, not for the work actually done, but
for breach of the contract, the measure of damages, ordinarily, is the
difference between the price agreed to be paid for the work, and what
it would cost to complete it. In the case of Miller v. Hahn, 23 App.
Div. 48, 48 N. Y. Supp. 346, the court held that plaintiff's damages
were loss of profits and the value of the material used, provided it was
shown that such had become useless for any other purpose, or if the
material in its altered state has value the difference between its value
before and after it had been cut up for use. In the case at bar, the
proper measure of damages would be the actual loss sustained by the
plaintiffs, taking into consideration the loss in value of the materials
used at the time the work was stopped and the profits which plaintiffs
would have reaped had they been allowed to complete the job. The
judgment must therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the ap-
pellant to abide the event.