DILTS v. WILSON. (No. 6556.)

(Supreme Court, Appellate Division, First Department. December 18, 1914.)

1. GUARANTY (§ 4*)—SALE DISTINGUISHED FROM.
   A contract whereby a broker, engaged in the sale of stocks and bonds not belonging to himself, agreed that in consideration of plaintiff's purchase of first mortgage railroad bonds of the par value of $3,000 and his payment of $1,800 in cash and the giving of mortgage bonds of another company, to be retained by plaintiff to secure performance of the contract, he would have the railroad bonds retired on or before a certain date so as to yield plaintiff $50 for each $1,000 bond, was a direct original obligation, and not a guaranty.
   [Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 3–6; Dec. Dig. § 4.*]

2. DAMAGES (§ 120*)—MEASURE OF DAMAGES—BREACH OF CONTRACT.
   In an action for the breach of such contract to have the bonds retired, plaintiff's damages would be measured by the difference between the value of the bonds, title and possession of which were in him, and the amount for which defendant agreed to have them retired.
   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 291–305; Dec. Dig. § 120.*]

Appeal from Trial Term, New York County.

Action by Jacob Howard Dilts against Edward W. Wilson. From a judgment entered upon a verdict in favor of the plaintiff, and from an order denying a motion for a new trial, defendant appeals. Judgment and order reversed, and new trial ordered.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

J. Ard Haughwout, of New York City (Everett J. Esselstyn, of New York City, on the brief), for appellant.

Frank C. McKinney, of New York City, for respondent.

LAUGHLIN, J. The defendant was a broker, engaged in negotiating the sale of stocks and bonds. On the 26th day of September, 1911, the defendant signed in his own name and delivered to the plaintiff a witnessed agreement in the form of a letter, the body of which is as follows:

"In consideration of your purchasing $3,000 (three thousand and 00/100 dollars) par value first mortgage 5% gold bonds (interest payable the 1st of June and December) of the New Jersey & Pennsylvania Railroad Company and your paying us as a consideration therefor the sum of one thousand eight hundred and 00/100 ($1,800.00) dollars in cash and 8% mortgage bonds of the Carmen-Guanajuato Gold Mining Company of the par value of two thousand one hundred and 00/100 ($2,100.00) dollars, we agree in respect to the first mortgage bonds of the railway company, above mentioned, to have same retired on or before July 1, 1912, on a basis that will yield you in cash one thousand fifty and 00/100 ($1,050.00) dollars for each one thousand dollars ($1,000.00) bond. It is understood that you are to hold the Carmen bonds as security for the completion of the above agreement, with the understanding and agreement that the Carmen bonds shall be sold by us on or before October 1, 1912, for the best price obtainable, subject to your knowledge and approval, and with the understanding that such sales price shall not be less than 50% of the face value of said Carmen bonds, and that from the proceeds we will deliver

to you one-half of whatever we receive. It is understood that any interest due or payable on the railway or Carmen bonds up to the completion of this contract is your personal property, and if one-half of the increased sale of Carmen bonds with coupons attached does not equal the accrued interest at date of sale, namely, two hundred and fifty-two and $^{00}/_{100}$ ($252.00) dollars, the coupons are to be detached before surrendering the Carmen bonds and become your personal property."

It appears by uncontroverted evidence that the plaintiff knew that the defendant did not own the bonds and was acting as broker, and it is to be inferred from the evidence that the plaintiff knew that the bonds were owned by one Fisher. The contract, however, was made with the defendant, and the plaintiff relied solely on his responsibility. The agreement was consummated by the delivery of the railroad company bonds to the plaintiff, and by the delivery by the plaintiff to the defendant of a certified check for $1,800. The plaintiff showed that he duly demanded that the defendant perform his agreement to have the bonds retired, and that the defendant failed and refused to perform the same.

The plaintiff has recovered the entire amount which the defendant agreed to obtain for plaintiff on the retirement of the bonds, together with the interest thereon. But the plaintiff still owns and retains the bonds, and there is no evidence with respect to the value thereof. The plaintiff upon the trial made further tender of the bonds for retirement on the terms of the contract, and it is argued that from the failure of the defendant to perform and to accept the tender of the bonds it may be inferred that they are worthless. We are of opinion that there is no foundation for such an inference; but, if there were, the question was not submitted to the jury. The court charged that, if they found against the defendant on his contention that there was a collateral agreement by which, in the event that he failed to retire the railroad company bonds, he was to forfeit his claim to the mining company bonds and to be relieved from liability under his agreement to procure the retirement of the bonds, they should find a verdict for the plaintiff. The jury, under this charge, presumably found that the collateral agreement was not made as claimed by the defendant, and that the only agreement was the one in writing herein quoted, for a general verdict was rendered "for the plaintiff." Thereupon the court inquired of the attorney for the plaintiff whether interest had been computed on the $3,150, and was informed that the interest was $346.50; and the record shows that the jury thereupon "rendered a verdict for the plaintiff for $3,496.50." The attorney for the defendant, at the close of the plaintiff's case, and at the close of the evidence, moved for a dismissal of the complaint on the ground, among others, that the plaintiff had failed to show damages, in that he had failed to show the value of the bonds, or that they were worthless.

[1, 2] We are of opinion that the case was tried and submitted to the jury on an erroneous theory. This is an action at law for damages for breach of the defendant's contract, which is not one of guaranty, but is a direct original obligation (see Kernochan v. Murray, 111 N. Y. 306, 18 N. E. 868, 2 L. R. A. 183, 7 Am. St. Rep. 744);

but it was tried, and the recovery was had, as if it were an action for specific performance of the contract. The plaintiff is undoubtedly entitled to recover *the damages* which he has sustained owing to the defendant's breach of the contract to have the bonds retired; but manifestly those damages are to be measured by the difference between the value of the bonds, title and possession to which is in the plaintiff, and the amount for which the defendant agreed to have them retired. See Sedgwick on Damages (9th Ed.) vol. 11, pp. 3, 1189, 1203; Baker v. Drake, 53 N. Y. 211, 13 Am. Rep. 507; Miller v. Hahn, 23 App. Div. 48, 48 N. Y. Supp. 346.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.